STARKSTEIN *v.* STARKSTEIN.

1. WITNESSES—OPPOSITE PARTIES—DEPOSITION.
   Under provisions of the judicature act, a plaintiff in a civil case has the right to compel a defendant within the jurisdiction of the court, to take the stand, notwithstanding his previous deposition (3 Comp. Laws 1929, §§ 14166, 14220; Court Rules Nos. 31, 32 [1945]).

2. DIVORCE—INCREASE OF ALIMONY—RECORD—DEPOSITION—TESTIMONY OF OPPOSITE PARTY.
   Where record is insufficient to permit *de novo* determination by the Supreme Court of controversy as to whether or not alimony and money for support of two children of divorced parents should be increased, cause is remanded for further proceedings, including plaintiff's right to take defendant's testimony in open court or by further deposition (3 Comp. Laws 1929, §§ 14166, 14220; Court Rules Nos. 31, 32 [1945]).

Appeal from Wayne; Ferguson (Frank B.), J. Submitted April 15, 1947. (Docket No. 68, Calendar No. 43,668.) Decided June 27, 1947.

Divorce proceedings by Fay Starkstein against William Starkstein. On petition of plaintiff for increase in amount of alimony. Petition denied. Plaintiff appeals. Reversed and remanded for further proceedings.

*Samuel B. Keene* (*George Stone,* of counsel), for plaintiff.

*Miles N. Culehan* (*Temple, Brown, Culehan & Temple,* of counsel), for defendant.

BUSHNELL, J.  Plaintiff Fay Starkstein obtained a decree of divorce from defendant William Starkstein on December 17, 1945.  She was awarded the custody of the two minor children, and defendant was ordered to pay the sum of $20 per week for their support and maintenance.  Alimony for the support of plaintiff was expressly reserved in the decree.

On March 28, 1946, plaintiff filed a petition for modification of the decree, representing that Starkstein's income had substantially increased and that he was then able to pay a minimum of $500 per month to maintain petitioner and the minor children in the manner in which they had always been accustomed.

In addition to plaintiff's testimony, defendant's deposition, taken at Syracuse, New York, July 8, 1946, was offered and received in evidence.  This deposition indicated that defendant had acquired additional property after the decree of divorce was granted.  Following the reading of the deposition a colloquy ensued between the court and plaintiff's attorney in which the court indicated that the petition would be denied on its face ''because it does not take $500 a month to support two children.''  When counsel replied that Starkstein had other sources of income, and the court inquired as to them, counsel then requested that Starkstein, who was present in the court room, take the stand in order to present this information to the court.  Upon the objection of defendant's counsel to such examination, the trial judge refused to permit Starkstein to testify, and said:

''Then this is a fishing expedition.  We are not going into that.  Here is a woman who got $23,000. Since then he has nothing except the $1,250 a month he is earning on an agreement executed after the divorce was granted.  I will follow the recommenda-

tion of the friend of the court, which is $20 a week for the support of the children. The further petition of the wife will be denied. I will also deny the motion for attorney fee."

Plaintiff has appealed from the order denying a modification of the divorce decree. In addition to the questions presented with respect to the sufficiency of the allowance for the children and the refusal to allow alimony for the wife, it is argued that the trial court should have permitted an examination of the defendant in open court, even though his deposition had previously been received in evidence.

Section 12, chap. 17, of the judicature act (Act No. 314, Pub. Acts 1915, as amended (3 Comp. Laws 1929, § 14166 [Stat. Ann. § 27.860]) reads:

"Depositions taken under this act may be read and considered in evidence at the trial or on any hearing, and on appeals and retrials of the same cause of action, but the court shall have power to regulate the use, to prevent abuses thereof, and may order the retaking of testimony, or the production of the witness, if within the jurisdiction, notwithstanding that his deposition has been taken. In any case, either party may obtain subpoena and compel the usual attendance and re-examination of the witness, notwithstanding his deposition has been taken, if he is within the jurisdiction of the court and able to attend, and give his testimony."

See, also, section 66 (3 Comp. Laws 1929, § 14220 [Stat. Ann. § 27.915]).

Under the provisions of these statutes, plaintiff had the right to compel defendant to take the stand, notwithstanding his previous deposition. See *Dunn* v. *Dunn*, 11 Mich. 284; *Emlaw* v. *Emlaw*, 20 Mich. 11; *Columbus Sewer Pipe Co.* v. *Ganser*, 58 Mich. 385 (55 Am. Rep. 697); *Thelen* v. *Mutual Benefit*

*Health & Accident Assn.,* 304 Mich. 17. See, also, Court Rules Nos. 31 and 32 (1945).

The order of the trial court is vacated, but the present record is insufficient to permit *de novo* determination of the controversy. Therefore, the cause is remanded for further proceedings in conformity with this opinion, including the plaintiff's right to take defendant's testimony in open court or by further deposition. Costs to appellant.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.