## ANN ARBOR BANK *v.* WEBER.

1. APPEAL AND ERROR—MOTION TO DISMISS APPEAL—ESTOPPEL.

Appeal from entry of default, not taken simply as of course but after trial court had stricken defendant-appellant's answer, is considered and not dismissed, where plaintiff did not move to dismiss the appeal upon being served with notice thereof but delayed making such motion on ground now claimed for dismissal until after appellant had procured a copy of transcript of proceedings in the trial court, prepared and settled the record on appeal, printed the record, and prepared and printed brief on appeal, since plaintiff was estopped by its delay.

2. APPEARANCE—PROCESS—COURT RULES—CONTINUANCES—JURISDICTION.

Court rule authorizing a trial court to call upon parties or witnesses to testify orally in open court, grant continuances of causes for such purpose and issue process to compel the appearance of such party or witness before the court does not expressly or impliedly authorize issuance of process enforceable outside of the State (Court Rule No 32 [1945]).

3. SAME—ATTORNEYS—PARTIES—COURT RULES.

It is proper for court rules to provide that courts in their discretion may require attorneys for parties to appear before

the court yet not require that parties be directed to appear as parties, as attorneys are officers of the court and the court has a right to require their attendance (Court Rules Nos 32, 35, § 4 [1945]).

4. SAME—JURISDICTION—PRESENCE WITHIN STATE—DISCOVERY.
   A court of this State has no judicial authority to subpoena a defendant, not in this State, to attend the session of a court of this State or to make an order for personal appearance for the purpose of discovery (Washtenaw Circuit Court Rule No 21).

5. DISCOVERY—NOTARY PUBLIC—PRESENCE WITHIN STATE.
   An order to make a personal appearance before a notary public in this State to make discovery cannot be made upon a person not within this State.

6. SAME—DEFAULT—ATTORNEY AND CLIENT.
   Trial court's entry of default on plaintiff's motion based on defendant's nonappearance in person before notary in this State when subpoenaed for purpose of making discovery was error, where it appears defendant was then not in this State and had submitted certain documents by an attorney, since defendant's constitutional right to defend his suit by an attorney of his own choice was violated (Const 1908, art 2, § 12; Court Rules Nos 32, 35, § 4 [1945]; Washtenaw Circuit Court Rule No 21).

Appeal from Washtenaw; Breakey (James R., Jr.), J. Submitted June 24, 1953. (Docket No. 78, Calendar No. 45,347.) Decided November 27, 1953. Rehearing denied January 14, 1954.

Bill by Ann Arbor Bank, a Michigan banking corporation, against Fred E. Weber, individually and doing business as Ypsilanti Frozen Food Lockers and Cold Storage Vaults, John Teasdale and others to set aside agreements for fraud and for foreclosure of chattel mortgage. Decree for plaintiff. Defendants appeal. Reversed and remanded.

*Burke, Burke & Smith,* for plaintiff.

*William G. Fitzpatrick* and *Joseph W. Louisell* (*Howard H. Campbell,* of counsel), for defendants.

REID, J.  Plaintiff filed its bill in chancery in the Washtenaw circuit court, to obtain a decree setting aside for fraud certain agreements and a lease affecting the rights of plaintiff as to certain personal property, decreeing a foreclosure of plaintiff's chattel mortgage and sale to satisfy the mortgage and for a decree for the deficiency, if any, after the sale.

In its brief, plaintiff requests that we dismiss the appeal of defendant Teasdale as having been taken without right, because on a contested hearing the trial court struck the answer of defendant Teasdale and the appeal was taken without motion by defendant Teasdale to set aside the order striking out the answer and directing entry of default of defendant. Plaintiff did not, upon being served with notice of the appeal, make motion to dismiss the appeal on this ground, and waited while defendants procured a copy of transcript of proceedings in trial court, prepared and had settled the record on appeal, printed the record, prepared and printed their brief in this Court.  Plaintiff now for the first time in its brief filed in reply to defendants' brief, raises the question that the appeal was not permissible without motion in trial court to set aside the default.

Plaintiff is estopped by its delay and has lost its right to insist on the motion to dismiss the appeal in view of the expense and efforts put forth by defendants after plaintiff was served with notice of the appeal.  It is further to be noted that the trial court made its finding on the matters involved in the proceedings looking toward entry of default order, and directed that the default order be entered. Hence, the default in this case was not a default taken simply as of course.  In view of the whole situation, we conclude not to dismiss but to consider the appeal.

The court struck from the files the answer of defendant Teasdale and ordered the default of defendant Teasdale to be entered on 2 grounds: First, because the court found that the disclosure was not a proper disclosure, and in consequence that defendant John Teasdale had failed to comply with and was guilty of violation of an order for discovery as to certain documents; secondly, because defendant John Teasdale failed and neglected to appear personally in Michigan, at the time and place appointed for his personal appearance. There is a showing in the record that defendant John Teasdale is absent from Michigan as a fugitive from justice.

The local court rules adopted by the Washtenaw circuit court provide for pretrial conference and Rule No 21 of the Washtenaw circuit provides,

"The judge presiding over the docket shall have jurisdiction under the rules to enter a judgment, decree, dismissal, default, or nonsuit, as the case may be, on the failure of a party to appear as required herein."

Plaintiff counts upon its interpretation of Michigan Supreme Court Rule No 32 (1945) to sustain the order appealed from in this case, which rule is as follows:

"In any suit, whether contested or not, the court may, at any time before verdict or decision, for the furtherance of justice, call upon any or all of the parties to such suit, or any witness therein, to testify orally in open court, and may continue or keep open the cause for that purpose, and may issue process to compel the appearance of such party or witness before the court."

Plaintiff considers that this Court Rule No 32 is broad enough in its terms to permit the adoption of the Washtenaw Rule No 21 above quoted, to include the order for a person not within the State of Mich-

igan to appear before the circuit court personally for examination as a witness.

There is nothing in Court Rule No 32 that suggests that the court is to be considered as expressly or impliedly authorized to issue process enforceable outside Michigan.

Even in criminal cases, a fugitive is not to be brought back from some other State, except upon the order of the executive thereof, according to the Federal Constitution.*

It is significant that Court Rule No 35, § 4 of Michigan Supreme Court Rules (1945) provides, "The court may in its discretion direct the attorneys for the parties to appear before the court," but does not provide that the parties may be directed to appear in person before the court as parties. The attorneys are officers of the court and the court has the right to require their attendance.

The order for personal appearance at a designated office in Ann Arbor, Michigan, must have had some useful judicial purpose in view, otherwise it would amount to mere oppression. Apparently it was that be be cross-examined as a witness. The Michigan court would have no judicial authority to subpoena defendant, who was not in Michigan, to attend the session of a Michigan court. An order for personal appearance in Michigan for the purposes of discovery, intended to take the place of a subpoena, would be equally without the authority of the court. The party ordered to appear before a notary public in Michigan to make discovery must be within the State. We say in *Starkstein* v. *Starkstein,* 318 Mich 258, at page 260, "If he is within the jurisdiction of the court and able to attend, and give his testimony."

Defendant John Teasdale, within the required time, November 8, 1950, made return to the order for discovery as to papers and documents pertaining

---

* See US Const, art 4, § 2(2).—REPORTER.

to the controversy between the parties, by and through his attorney, and filed with the clerk of the court 11 such papers, together with a statement that he had made diligent inquiry and search for other papers required by the order and was advised that such other documents and papers may be in existence and says that such other documents and papers are without the control or possession of defendant, and the attorney made affidavit to the correctness of the statements in the return. Defendant John Teasdale verified the statements of his attorney in the return in an affidavit made in Lucas county, Ohio, November 24, 1950 and filed with the clerk of the trial court, November 27, 1950. Motion by plaintiff had in the meantime and on November 18, 1950, been made for leave to enter default, which motion was granted, January 22, 1951.

The order for discovery ordered, "That the defendant, John Teasdale, his agents, employees and servants, be and are hereby required to make discovery of all the documents, et cetera." Plaintiff does not claim in its motion for leave to enter default that the return by defendant's attorney was not sufficient as to depositing papers in court, but places the motion solely on the ground that defendant did not appear in person before the notary in Michigan when subpoenaed so to do.

Defendant had the right under Michigan State Constitution (1908), art 2, § 12, "to prosecute or defend his suit, either in his own proper person or by an attorney or agent of his choice."

The court was without the authority to strike defendant's answer for nonappearance before the notary in Michigan. A contrary rule would violate the constitutional provision for appearance by attorney and could result in unjust enrichment and could transform the court into a tool for gross oppressors.

The decree for plaintiff is reversed with costs to defendant Teasdale, and the case is remanded to the trial court for further proceedings.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred with REID, J.

BOYLES, J., concurred in the result.