## STANCZYK *v.* ST. CLAIR CIRCUIT JUDGE.

1. PROHIBITION—CONTEMPT—ATTORNEY—ITINERARIES OF NONRESIDENT CLIENTS—DISCOVERY.

 Writ of prohibition is ordered to issue against a circuit judge who sought to cite plaintiff herein, an attorney, for failure to furnish opposing counsel in a case then in court with the itineraries of his nonresident defendant clients, where the clients themselves had been served with process, their motions to quash service of process had been denied and, although applications for leave to appeal had been filed in the Supreme Court, no stay of proceedings had been granted, the defendants being still subject to the jurisdiction of the circuit court and available to the discovery procedure (Court Rule No 35 [1945]).

2. ATTORNEY AND CLIENT—DISCLOSURE OF INFORMATION—CONTEMPT PROCEDURE.

 Attorney for itinerant nonresident clients is not compelled by court order citing him for contempt to disclose itineraries of such clients, where such information is otherwise available, and such practice is not approved even if the information were not otherwise available.

Motion to stay proceedings in pending case treated as petition for writ of prohibition in respect to contempt action against Boleslaus I. Stanczyk, an attorney, before Halford I. Streeter, St. Clair Circuit Judge. Submitted October 10, 1961. (Calendar No. 48,945.) Writ of prohibition issued March 15, 1962.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Discovery and Inspection § 27.
 58 Am Jur, Witnesses § 508.
[2] 17 Am Jur, Discovery and Inspection § 14.

*Ward, Plunkett & Cooney (John D. Peacock,* of counsel), for plaintiff.

*Peter E. Bradt* and *Gerald E. Mugan,* for defendant.

Souris, J. Mr. Stanczyk, plaintiff, is associated with the firm of attorneys which had entered special appearances for Tournament of Thrills, Inc., and Newberry Thrill Enterprises, Inc., 2 nonresident defendants in a lawsuit entitled McClellan, *et al. v.* Ford Motor Company, *et al.,* pending before Judge Halford I. Streeter, one of the circuit judges for the county of St. Clair. The defendants named above had, by motions to quash, challenged the validity of the service of process attempted to be made upon them. The circuit judge denied their motions and this Court later denied, but without prejudice, their application for leave to appeal his rulings. In the meantime, the circuit judge had ordered defendants' counsel, Mr. Stanczyk, to furnish to opposing counsel within 7 days the then current Michigan itinerary of his clients. This order was made orally in open court during a hearing regarding another facet of the case. On the following day, the circuit judge signed a written order to that effect which, apparently, was later served upon Mr. Stanczyk.

Mr. Stanczyk having failed to comply with the order of the court, on motion of the McClellans' attorney, Mr. Mugan, Judge Streeter issued an order directing Mr. Stanczyk to show cause why he should not be cited for contempt of court. On the day before the hearing scheduled on the order to show cause, on Mr. Stanczyk's motion, this Court entered its order staying proceedings thereon and ordering Judge Streeter to show cause why our writ of prohibition should not issue.

In his response to our order to show cause, Judge Streeter states that he ordered Mr. Stanczyk to disclose defendants' itineraries because they were traveling in and out of the State during the carnival and county fair seasons and, "without a schedule of their appearances in Michigan it will be impossible to interview them or take their depositions." We presume Judge Streeter had in mind our decision in *Ann Arbor Bank* v. *Weber,* 338 Mich 341, in which case we held that the circuit court was without authority to compel by order the attendance in Michigan of a party not within the State for the purpose of discovery. We further presume that Judge Streeter believed defendants' itineraries in Michigan were necessary in order to permit service upon them of subpoenas for the taking of such testimony.

At the time Mr. Stanczyk was ordered to make disclosure of defendants' itineraries, they had been served with process and their motions to quash such service had been denied. Although applications for leave to appeal from such denials had been filed in this Court, no stay of proceedings had been granted. Insofar as the record was then concerned, defendants were subject to the jurisdiction of the circuit court and no reason appears why they could not have been compelled by order to disclose their itineraries or the identity and locations of persons having knowledge of relevant facts by discovery of documents or by answer to written interrogatories under Court Rule No 35 (1945).*

Even had the information not been otherwise available, we know of no authority in this State by which an attorney for a party can be compelled by court order to disclose such information and we are

* See section 6, added June 27, 1952, 334 Mich xl, and amended at 352 Mich xvii.—REPORTER.

not disposed to approve the practice on the basis of the record in this case.

Writ of prohibition may issue. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, KAVANAGH, and OTIS M. SMITH, JJ., concurred.

BLACK, J., did not sit.

ADAMS, J., took no part in the decision of this case.