(No. 34495.—

ALTA C. LIGHT, Appellee, *vs.* IVAN H. LIGHT, Appellant.

*Opinion filed Dec. 18, 1957—Rehearing denied Jan. 23, 1958.*

IVAN H. LIGHT, of Bloomington, *pro se,* appellant.

ALBERT H. HOOPES, of Bloomington, for appellee and cross-appellant.

Mr. JUSTICE SCHAEFER delivered the opinion of the court.

This is an appeal from a decree of the circuit court of McLean County, entered in a proceeding brought to register

in that court, under the Uniform Enforcement of Foreign Judgments Act, a divorce decree of the circuit court of the city of St. Louis, Missouri. The case is properly here because the appeal, and particularly the cross appeal, call for a construction of the full-faith-and-credit clause of the Federal constitution.

The Missouri decree was entered May 1, 1944. It granted a divorce to the plaintiff, awarded her the custody of the minor child of the parties, ordered the defendant to pay gross alimony of $3,600, and thereafter to pay $100 a month for support of the child and alimony of $50 a month. On September 28, 1953, the plaintiff filed her petition to register the Missouri decree under the Uniform Act. (Ill. Rev. Stat. 1957, chap. 77, pars. 88-105.) The defendant was personally served with summons. After evidence was heard before a master in chancery, the court entered a decree which directed that the Missouri decree be registered in the circuit court of McLean County "as to past due installments as of September 28, 1953, of alimony and child support, for a period of five years, in the amount of $3775.00." The decree also awarded interest on the amount found due, allowed the plaintiff $1000 for attorney's fees and taxed the costs of the proceeding against the defendant.

The Uniform Act, which was adopted in Illinois in 1951, is intended to make it easier to enforce judgments across State lines. To that end it establishes a procedure for registering the foreign judgment in an appropriate court in this State (sec. 2), and authorizes the levy of execution at once upon a judgment so registered. (Sec. 6.) Sale under the levy is postponed, however, until the judgment debtor has an opportunity, after service of process, to assert whatever defenses he may have to the enforcement of the judgment. (Secs. 4, 5, 8, 13.) Upon default, or if the asserted defenses are not sustained, the registered judgment becomes a final judgment of the court in which

it is registered. The judgment so rendered is binding either personally or *quasi in rem,* depending on the kind of service had upon the defendant. (Secs. 7, 12.) The act applies to "any judgment, decree or order of a court of the United States or of any State or Territory which is entitled to full faith and credit in this state." (Sec. 1.) For comments on the Uniform Act, see 9 U.L.A. 376; Leflar, The New Uniform Foreign Judgments Act, 24 N.Y.U.L.Q. 336.

The first contention that the defendant makes in this court is that registration of the judgment is barred by the Illinois five-year period of limitations for actions on foreign judgments. (Ill. Rev. Stat. 1957, chap. 83, par. 16.) That limitation period is incorporated in section 2 of the Uniform Act. We have long since held, however, that in the case of a judgment for the payment of money in periodic installments a right of action accrues on each installment as it becomes due, and that the period of limitations runs on each installment only from the time it becomes due. (*Schuler* v. *Schuler,* 209 Ill. 522.) The gross alimony fixed by the Missouri decree has been paid, and as to subsequent installments of alimony and support payments the decree in this case registered only those unpaid installments that came due within the five years that immediately preceded the filing of the application to register. In this there was no violation of the Illinois Statute of Limitations.

The main thrust of defendant's effort to reverse the decree centers upon the Missouri statute which enacts a conclusive presumption of payment after ten years from the entry of a judgment, in the absence of its revival upon personal service, and in the absence of payments "duly entered upon the record thereof." (Mo. Rev. Stat., sec. 516.350.) This action was commenced well within the ten-year period, but it was not concluded until after that period had elapsed. Defendant's position is that because

the statute provides that no suit may "be had or maintained" after the lapse of the ten-year period, the Missouri decree lost its vitality upon the expiration of ten years, and the present action based upon it could not thereafter be "maintained."

We think that defendant is mistaken as to the way in which the Missouri courts would apply the statute to a case like this one. Here the defendant has admitted in his pleadings that he made periodic payments under the decree through March 1, 1946. He also admitted that he made payments thereafter, although he claimed that they were made pursuant to an agreed modification of the decree, and not under the decree. The Missouri cases that are relied upon by defendant, notably *Northwestern Brewers Supply Co.* v. *Vorhees,* 356 Mo. 699, 203 S.W.2d 422, and *Wormington* v. *City of Monett,* 358 Mo. 1044, 218 S.W.2d 586, were not concerned with situations like this.

On the other hand, there are Missouri decisions that strongly indicate that under the circumstances of this case execution would now be issued upon the decree in Missouri. In *State ex rel. Meyer* v. *Buford,* 18 S.W.2d (Mo. App.) 526, the clerk of a circuit court was compelled by *mandamus* to issue execution on a judgment for alimony. More than 14 years had elapsed from the date of the judgment, but it appeared that payments had been made within ten years prior to the time that execution was sought. In directing the clerk to issue execution, the court said that the clause of the statute "referring to the effect of payments on account of judgments must be deemed to have been inserted for a purpose. If it does not mean that such payments shall have the effect of extending the life of the judgment, it is meaningless. The last clause of the section provides that: 'After the expiration of ten years from the date of the original rendition * * * or from the date of the last payment, * * * no execution, order or process shall issue thereon.' This can mean nothing else but that prior to

the expiration of 10 years from the date of the last payment, execution may issue."

In *Mayes* v. *Mayes,* 342 Mo. 401, 116 S.W.2d 1, in which 16 years had elapsed from the entry of the decree without any notation of payments on the record, the court followed the *Buford case,* and analyzed the evidence to determine whether the alleged payments were made voluntarily and in compliance with the decree. And again in *Peterson* v. *Peterson,* (Mo.) 273 S.W.2d 239, the court referred to the burden of proving voluntary payments under the decree that must be met by one who claims under a judgment more than ten years old, with no credits entered thereon.

In the present case, the defendant has admitted making payments pursuant to the divorce decree. As in the *Buford case,* upon making proof of the payments, plaintiff would be entitled to an execution. The fact that the payments had not been entered upon the record of the Missouri proceeding within ten years from the day the decree was entered would not be a bar to the issuance of an execution in Missouri. This being so, the Missouri statute is not a bar to plaintiff's present action in Illinois.

But we are also of the opinion that it is not necessary to explore in detail the niceties of the defendant's many arguments based upon the Missouri statute, because under the Uniform Act, as adopted in this State, it is unmistakable that the operative fact is the filing of the petition to register the foreign judgment. "The filing of the petition constitutes registration of the foreign judgment." Immediately upon registration execution may be levied although sale under the levy is postponed until final judgment. (Ill. Rev. Stat. 1957, chap. 77, pars. 90, 93, 100.) Under the Uniform Act, unless the registration is set aside after a hearing, it is the registered judgment that becomes the final judgment of the Illinois court. (Sec. 7.) Such a provision is essential to the act's purpose of protecting

the priority of the creditor who levies on the foreign judgment. The act thus contemplates that the vitality of the foreign judgment is to be determined as of the date that it is registered. And in this case the judgment was registered under the statute several months before the ten-year period expired.

Since we conclude that the Missouri decree is not barred from registration by the statutes of this State or of Missouri, we are brought to the questions raised concerning the extent to which its various aspects are entitled to full faith and credit. The defendant concedes, as indeed he must, that the decree is entitled to full faith and credit insofar as it awarded plaintiff a divorce and to the extent that it awarded alimony in gross. But to the extent that it awarded custody of the child to the plaintiff, and ordered monthly payments by way of support and alimony, he argues that it is subject to modification in Missouri and therefore is not entitled to full faith and credit. As to custody, the Missouri court had jurisdiction over the parties and the child when its decree was entered, and that decree is entitled to full faith and credit until a different order as to custody is entered by a court of competent jurisdiction. *People ex rel. Halvey* v. *Halvey,* 330 U.S. 610.

The provisions of the decree that ordered the defendant to make periodic payments for support and alimony are entitled to full faith and credit as to amounts already accrued unless they are subject to retrospective modification in Missouri. (*Sistare* v. *Sistare,* 218 U.S. 1.) Defendant argues, relying on *Meyers* v. *Meyers,* 22 S.W.2d (Mo. App.) 853, that Missouri will modify such a decree retrospectively to conform to an agreement for reduced payments entered into between the parties. In this case the defendant alleged such an agreement and the plaintiff denied the allegation. That issue was litigated, and the defendant excepted to the master's report because it failed

to find that such an agreement existed. The exception was overruled by the trial judge. The defendant has not brought to this court the transcript of the evidence heard by the master, and has thus waived the right to review the adverse finding. The decree is therefore entitled to full faith and credit so far as accrued installments of alimony are concerned.

The plaintiff contends, upon her cross appeal, that the decree is entitled to full faith and credit as to future installments of alimony and support money, and that the trial court erred in failing to register the decree as an Illinois judgment insofar as it concerned future payments. There are indications in the leading cases on the subject, (*Lynde* v. *Lynde,* 181 U.S. 183; *Sistare* v. *Sistare,* 218 U.S. 1; *Barber* v. *Barber,* 323 U.S. 77,) that a decree for alimony which is subject to modification in the future by the court in which it was rendered is not entitled to full faith and credit. There are also intimations to the contrary in those cases and particularly in the concurring opinion of Mr. Justice Jackson in *Barber* v. *Barber,* 323 U.S. 77. The contrary position is also vigorously expressed in recent writings upon the subject. Scoles, Non-Final Support Orders, 53 Columbia L. Rev. 817; 1956 Washington U.L.Q. 246; Reese, Full Faith and Credit to Foreign Equity Decrees, 42 Iowa L. Rev. 183; Cheatham *et al.,* Cases and Materials on Conflict of Laws, 4th ed., pp. 314ff.

Policy considerations argue strongly that such decrees are entitled to full faith and credit. Unless they receive interstate recognition, the insulated judicial systems of the several States may become sanctuaries within which obligations that have been fully and fairly adjudicated in another jurisdiction may be escaped. These policy considerations have found expression in the decisions of many State courts which, on the grounds of comity, have given full effect, including equitable enforcement, to foreign decrees awarding alimony in the future. *Worthley* v.

*Worthley,* 44 Cal.2d 465, 283 P.2d 19; *Biewend* v. *Biewend,* 17 Cal.2d 108, 109 P.2d 701; *Mosher* v. *Mosher,* 25 Wash. 2d 778, 172 P.2d 259; *Rule* v. *Rule,* 313 Ill. App. 108, 38 N.E.2d 379; 132 A.L.R. 1272; 18 A.L.R.2d 862, 867.

Strong as are the considerations of policy, the argument that derives from the language of the constitution itself is at least as strong. As pointed out by Mr. Justice Jackson in his concurring opinion in *Barber* v. *Barber,* 323 U.S. 77, neither the constitution nor the Federal statute that implements it expresses any requirement of finality in describing the judgments that are entitled to full faith and credit. The constitution speaks of "judicial proceedings." In other situations, judicial proceedings that have not become final have nevertheless been accorded full faith and credit. See, *e.g., Sanders* v. *Armour Fertilizer Works,* 292 U.S. 190; *Green* v. *Van Buskirk,* 5 Wall. 307, 18 L. ed. 599; 7 Wall. 139, 19 L. ed. 109.

The practical problems that might arise in the enforcement of a decree subject to modification by the courts of more than one forum are no more difficult under the full-faith-and-credit clause than they are when foreign judgments are given full effect as a matter of comity. If anything, they are less complicated than those that have necessarily been assumed in the enforcement and modification of decrees relating to the custody of children. (*People ex rel. Halvey* v. *Halvey,* 330 U.S. 610; *May* v. *Anderson,* 345 U.S. 528.) Mr. Justice Traynor's opinion in *Worthley* v. *Worthley,* 283 P.2d (Cal.) 19, blueprints a pattern for their solution that is as appropriate under the full-faith-and-credit clause as it is when interstate recognition is based on comity. We hold, therefore, that the decree is entitled to full faith and credit as to future payments.

The remaining questions are peripheral. During the course of the proceedings in Illinois, the defendant applied to the Missouri court for a declaration that its decree must be presumed satisfied by operation of the statute already

referred to. Alternatively he requested that the decree be modified as to the amounts payable, and he sought an injunction restraining the plaintiff from prosecuting her action in Illinois. The plaintiff answered. No action was taken by the Missouri court. Defendant now contends that the filing of these documents in the Missouri proceedings ousted the jurisdiction of the Illinois court. The contention is without merit. (Cf. *Dow* v. *Blake,* 148 Ill. 76, 85.) Defendant's application to the Missouri court was made after plaintiff's action had been pending in Illinois for two and a half years. It was grounded upon the alleged agreement to modify the amounts payable under the decree. So far as the record shows, defendant made no effort to obtain a hearing on this issue before the Missouri court, and the pendency of his petition in Missouri did not oust the jurisdiction of the Illinois court.

The defendant makes numerous objections to the taxing of costs. He first argues that section 14 of the Uniform Act which authorizes the court to include as part of its judgment "the court costs incidental to the registration participation proceedings in accordance with the law of this state" is so garbled as to be meaningless. It is obvious that the word "participation" was inadvertently included in this sentence. It does not appear in the Uniform Act, as drafted by the commissioners. The meaning of the sentence, however, is completely clear if that word is omitted, and its inclusion does not render the section invalid. *Klein* v. *Department of Registration and Education,* 412 Ill. 75.

It is next contended that the trial court lacked jurisdiction to retax the costs. The decree was entered December 10, 1956, and ordered the defendant to pay costs in the sum of $526. On January 8, 1957, defendant filed a motion to vacate the decree in which he objected to the award of costs. His motion was denied on March 8, 1957. Three

days later, on March 11, the plaintiff filed her motion to retax costs, and on March 15 the decree was amended and costs were retaxed in the amount of $506.20. Section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 68.3), provides that in chancery cases any party may, within 30 days after the entry of the decree, file a motion for modification of the decree or to vacate it. That section specifically provides that a motion filed in apt time stays execution, and that the time for appeal does not begin to run until the court rules upon the motion. Plaintiff's motion to retax costs was therefore filed in apt time.

The order of March 15, which retaxed costs, recited that the court had heard evidence and then awarded the sum of $200 to the special master "for examining questions in issue and reporting his conclusion thereon wherein the Special Master consumed at least eight days therein; * * *." Relying on *Litwin* v. *Litwin,* 375 Ill. 90, the defendant urges that the award of fees to the master is not itemized with the requisite degree of particularity, and that it must therefore be eliminated. The *Litwin case* is not in point. In that case there was no suggestion that the award was based upon anything other than the master's detailed enumeration of his many activities, of varying significance, with no indication of the amount of time consumed in each activity. Here the order retaxing costs was based upon evidence heard by the trial judge. That evidence is not before us for review, and in its absence we cannot say that the award was not fully justified.

The defendant contends that there was no statutory basis for the award of attorney's fees in the amount of $1000. The Uniform Act does not contain a provision with respect to attorney's fees. Section 15 of the Divorce Act, (Ill. Rev. Stat. 1957, chap. 40, par. 16,) provides for the allowance of attorney's fees in actions for divorce and in the enforcement of divorce decrees. In this case, the plain-

tiff seeks to establish the Missouri decree as an Illinois judgment rather than to enforce an Illinois decree. At the present stage of the proceedings all that plaintiff has sought is the registration of the Missouri decree in Illinois. We find no statutory authority for the award of attorney's fees at this stage. If proceedings to enforce the Illinois decree become necessary, plaintiff will then come within section 15 of the Divorce Act. The allowance of attorney's fees in the sum of $1000 cannot stand.

The decree awarded the plaintiff interest in the sum of $511 upon the unpaid installments. Defendant contends that the amount so awarded was excessive by $118.40 if interest was computed at the Illinois rate of five per cent, and by $39.88 if the interest was computed at the Missouri rate of six per cent. Section 14 of the Uniform Act directs that interest on the judgment be computed "under the law of the state in which it was rendered." There is no showing as to the basis upon which the interest was actually computed. It was found that the defendant had loaned the plaintiff $100; that loan was taken into account by the defendant in his computation of the interest due. The discrepancy of which the defendant complains could result from the way the interest, if any, on this loan was computed by him, and in the absence of a showing as to the facts before the court, we are unable to say that there was error.

Because the statute is new, we think that it is appropriate to say a word as to the kind of judgment or decree that it contemplates. What is registered is the foreign judgment or decree, to the extent that no defense to it exists. If there is a defense that bars its enforcement completely, the final judgment must be for the defendant. Where a partial defense exists, as by partial satisfaction or limitations, that defense must be recognized in the final judgment. This can conveniently be done by first setting out the foreign judgment or decree in full in the final order

entered in the Illinois court, and then indicating clearly the portions of it that are entered as a judgment of the Illinois court.

The decree of the circuit court of McLean County is reversed, and the cause is remanded to that court, without costs in this court to either party, with directions to enter a decree in accordance with this opinion.

*Reversed and remanded, with directions.*