A. ROBERT THOMPSON, Plaintiff and Counterdefendant-Appellee, *v.* SAFEWAY ENTERPRISES, INC., Defendant and Counterplaintiff-Appellant.

First District (3rd Division)   No. 77-338

Opinion filed September 27, 1978.—Modified on denial of rehearing January 31, 1979.

Ralph G. Scheu and Ward P. Fisher, both of Brandel, Olson, Johnson, & Erickson, of Chicago, for appellant.

Foran, Wiss & Schultz, of Chicago (Thomas A. Foran and Ian H. Levin, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

This appeal is from an order dismissing defendant's counterclaims in an action brought under the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1975, ch. 77, pars. 88 through 105) (the Act), to register a judgment rendered against defendant by a Florida court.

Plaintiff, A. Robert Thompson, and defendant, Safeway Enterprises, Inc. (Enterprises), entered into a written contract under which Enterprises purchased shares of its capital stock from Thompson. The purchase price was to be paid to Thompson in installments. As part of this contract, Thompson acknowledged that Enterprises was involved in negotiations for the sale of South Suburban Safeway Lines, Inc. (South Suburban), a wholly owned subsidiary of Enterprises of which Thompson was president, and agreed not to do anything which would in any way interfere with the sale of South Suburban.

Defendant refused to pay installments due Thompson under the contract covering the stock purchase, and Thompson commenced an action in Florida seeking damages for anticipatory breach of the contract. Defendant counterclaimed, alleging that Thompson had breached his contractual duty not to interfere with the negotiations for the sale of South Suburban. After the cause was set for trial, defendant requested a continuance because various witnesses, whose testimony was necessary for a proper presentation of the counterclaim, could not be present to testify on the date set for trial. When the Florida court denied the motion, defendant took a voluntary dismissal of its counterclaim without prejudice, and a final judgment was entered in favor of Thompson.

Thompson then commenced the present action in Cook County to register the Florida judgment. Defendant filed counterclaims in the registration proceeding alleging that Thompson breached his duties under the contract and committed a tortious interference with prospective economic advantages by interfering with the negotiations for the sale of South Suburban. The circuit court granted summary judgment in favor of Thompson on his petition to register the Florida judgment and dismissed defendant's counterclaims.

Thompson contends that the counterclaims in the registration proceeding are an improper collateral attack upon the Florida judgment in violation of the Act and the full faith and credit clause of article IV, section 1 of the United States Constitution. Defendant responds that

section 8 of the Act (Ill. Rev. Stat. 1975, ch. 77, par. 95) permits its counterclaims to be pleaded in opposition to Thompson's petition to register the Florida judgment. Section 8 provides any counterclaim, which under the laws of Illinois may be asserted by a defendant on an action on a foreign judgment, may be asserted against a petition to register a foreign judgment. Thus, the issue presented by this appeal is whether under Illinois law counterclaims such as defendant's may be pleaded in response to a petition to register a foreign judgment.

■■ The purpose of the Act, which is largely an adoption of the 1948 Uniform Act of the National Conference of Commissioners on Uniform State Laws (see Ill. Ann. Stat., ch. 77, par. 88, Historical Note, at 509 (Smith-Hurd 1966) was to implement the full faith and credit clause of the Federal Constitution and to facilitate the interstate enforcement of judgments by providing a summary procedure through which a party in whose favor a judgment has been rendered may enforce that judgment in an expeditious manner in any jurisdiction where the judgment debtor is found. (*Light v. Light* (1957), 12 Ill. 2d 502, 147 N.E.2d 34; *Brownlee v. Western Chain Co.* (1977), 49 Ill. App. 3d 247, 364 N.E.2d 926; *LaVerne v. Jackman* (1967), 84 Ill. App. 2d 445, 450, 228 N.E.2d 249.) Under the doctrine of full faith and credit, the forum court will not rehear a case on its merits because the judgment is *res judicata* as to the nature and the amount of the plaintiff's claim. (*Southern Bell Telephone & Telegraph Co. v. Woodstock, Inc.* (1975), 34 Ill. App. 3d 86, 89, 339 N.E.2d 423.) A judgment debtor may defend against a foreign judgment sought to be enforced in an Illinois court, but not on grounds which could have been presented in the action in which the judgment was rendered. (*Southern Bell Telephone.*) The judgment is not subject to collateral attack except for the defenses of fraud in the procurement of the judgment or lack of jurisdiction in the court rendering it. *Carlson v. Prestige Casualty Co.* (1975), 28 Ill. App. 3d 926, 329 N.E.2d 477; *Davis v. Nehf* (1973), 14 Ill. App. 3d 318, 302 N.E.2d 382.

■■ Defendant's counterclaims do not directly attack the Florida judgment. In fact, defendant concedes in this court that the Florida judgment is "good." Thus, defendant in effect admits not only that its pleadings are a collateral attack on the Florida judgment, but that they fail to allege fraud in the procurement of the judgment or lack of jurisdiction in the Florida court—the only grounds, other than payment, release, waiver or discharge, which can be asserted in response to a registration proceeding.

The provision for counterclaims in section 8 of the Act is not co-extensive with the word "counterclaim" as used in section 38 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 38). Section 1 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 1) informs us that the

Civil Practice Act does not apply to "proceedings in which the procedure is regulated by separate statutes." The procedure governing actions on foreign judgments is, of course, regulated by the Act, and, therefore, the Civil Practice Act, by its terms, would not be applicable to an action of that type.

■■ In *Raymond v. Varnum* (1914), 185 Ill. App. 289, which involved an effort to collect an Iowa judgment in Illinois, the court held that a plea of setoff was not available unless the amount of the setoff was liquidated. And Ill. L. & Prac. *Judgments* §518 (1956), relying on *Raymond* for its authority, states that "* * * only *liquidated* claims * * * may be set off against a judgment." (Emphasis added.) The court explained its reason for the decision it reached in *Raymond,* saying:

> "The defendant had his day in court on the 'transaction' in which the notes were given when he was sued in Iowa. He might then have pleaded his set-off had he wished. He chose to make default, and an entirely new form and character of indebtedness arose from the 'transaction' in the Iowa court which resulted in a judgment. If a man might in answer to a suit on a judgment plead whatever might, by way of set-off or recoupment, have been a defense to the suit in which the judgment was obtained, there would be a great loss of finality in litigation." (*Raymond,* 185 Ill. App. 289, 301.)

Thus, under Illinois law counterclaims or setoffs in unliquidated amounts such as defendant seeks to enforce in this action may not be pleaded in response to a petition to register a foreign judgment.

The plaintiff also asserts defendant's counterclaim cannot stand for it is a collateral attack on the Florida judgment. (See *Carlson* and *Davis.*) The defendant responds that he is not attacking the validity of the Florida judgment, but merely asserting a statutory right to have determined the amount he may set off against the judgment. A similar contention advanced by a defendant attempting to plead a counterclaim against a foreign judgment was rejected in *Purser v. Corpus Christi State National Bank* (1974), 256 Ark. 452, 508 S.W.2d 549, 553:

> "A direct attack on a judgment is an attempt to amend it, correct it, reaffirm it, vacate it, or enjoin its execution in a proceeding instituted for that purpose. [Citations.] An attack is *direct* where the proceeding in which it is made is brought for the purpose of impeaching or overturning the judgment, and *collateral* if made in any manner other than by a proceeding the very purpose of which is to impeach or overturn the judgment. [Citations.] An action which contemplates some other relief or result is a *collateral attack.* [Citations.] *Since appellant's pleading does not seek to directly overturn or modify the original judgment, it constitutes a collateral*

*attack on the judgment which, absent allegations of fraud or lack of jurisdiction, either of the subject matter or of the parties, may not be raised in the registration proceedings."* (Emphasis added.) (*Purser,* 256 Ark. 452, 459-60, 508 S.W.2d 549, 553.)

◼◼ We agree with the holding in *Purser* that the assertion of a counterclaim against a foreign judgment is a collateral attack on that judgment. Although a judgment debtor has a right to defend against a foreign judgment which the person in whose favor the judgment was entered seeks to enforce in Illinois' courts, he is not permitted to raise defenses or setoffs, except for lack of jurisdiction and fraud in the procurement of the judgment, that he could have advanced before the judgment became final.

Thompson's alleged breach of the contract could have been raised in the Florida action in opposition to his claim that defendant was in default in making payments required by the contract, and the defendant did plead its counterclaim in Florida. That the defendant chose during the pendency of the Florida action to withdraw this claim without prejudice does not permit the claim to be asserted as a defense against the registration of the Florida judgment. To now permit defendant's counterclaims to block enforcement of Thompson's judgment would subvert the intent of the Act and might well pose constitutional questions under the full faith and credit clause of the United States Constitution.

Defendant states that instead of pursuing its counterclaims in Florida, it was forced to take a voluntary dismissal there without prejudice because the Florida court improperly denied defendant's request for a continuance. Defendant urges this as a reason for permitting its counterclaims in the present lawsuit. Whether the Florida court improperly denied defendant's request for a continuance is irrelevant to the present appeal. Defendant does not contend that the Florida court's denial of a continuance amounts to fraud in procurement of the judgment or affects the jurisdiction of that court. Absent this type of allegation, we cannot review the denial of the continuance.

◼◼ For the above stated reasons, and without addressing the question of whether the defendant could still litigate its grievances against Thompson in an independently filed action, we hold that the matters set forth in the counterclaims are not properly asserted in a proceeding to register the foreign judgment in Illinois. Accordingly, the order dismissing defendant's counterclaims is affirmed.

Judgment affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.