GRANT, SCHON, WISE & GRANT, P.C., Plaintiff-Appellee, *v.* R. W. BOR-ROWDALE CO., Defendant-Appellant.

First District (5th Division)   No. 81—2128

Opinion filed April 8, 1983.

William J. Harte, Ltd., and Richard J. Predergast, Ltd., both of Chicago, for appellant.

Gary P. Flanagan, of Blatt, Hasenmiller & Komar, of Chicago, for appellee.

JUSTICE MEJDA delivered the opinion of the court:

Plaintiff filed a petition for registration of a Michigan judgment entered in its favor against defendant R. W. Borrowdale Co. (Ill.

Rev. Stat. 1981, ch. 77, par. 88 *et seq.*, now codified as Ill. Rev. Stat. 1981, ch. 110, par. 12–601 *et seq.*) Defendant filed an answer and a motion for summary judgment. The motion for summary judgment was denied. On July 24, 1981, the circuit court entered an order in favor of plaintiff sustaining the registration. Defendant appeals.

The issue presented is whether the Illinois court erred in denying defendant an evidentiary hearing on its defense that the judgment was void because its due process rights were denied by the Michigan court in denying its requested continuance. We affirm.

The pertinent facts are not in dispute. Plaintiff on September 29, 1978, filed a complaint for legal fees against defendant in the Michigan District Court, 46th Judicial District, and summons was duly served. A default for failure to answer was entered on November 30, 1978, and a notice thereof mailed to defendant on December 8, 1978. A notice was mailed on January 26, 1979, stating that the case was set for hearing on March 5, 1979. On March 2, 1979, an Illinois attorney wrote a letter to the Michigan judge requesting a continuance, advising that R. W. Borrowdale, Sr., president of defendant, was unable to travel within the next 90 days and that no other officer or employee had knowledge of the facts in the pending cause. A doctor's letter was attached. A mailgram from defendant was sent on March 2, 1979, similarly advising that Mr. Borrowdale, "scheduled to appear pro se," was in a hospital with a fractured leg, that he was unable to appear for 60 to 90 days, and that a physician's statement would follow. On March 9, 1979, a superseding notice was mailed notifying defendant of a hearing on June 4, 1979, on which date plaintiff's testimony was taken. On June 6, 1979, the Michigan court received a mailgram dated June 5, 1979, addressed to it by Mr. Borrowdale. This mailgram again requested a continuance due to Mr. Borrowdale's fractured leg, stating that his doctor estimated that it would be another 90 days before he could travel. On June 13, 1979, the court received a motion to vacate the "Ex Parte Default Judgment entered herein on March 5, 1979" verified by Mr. Borrowdale, stating that he would yet be unable to travel for at least 90 days from May 25, 1979, due to his injuries and also stating that "Defendant has a good and valid defense to this cause of action." On June 14, 1979, the motion to vacate was denied and a default judgment then entered against defendant corporation for $5,500 plus interest from January 1, 1974, and costs of $40.29.

On February 27, 1980, a petition to register the Michigan judgment was filed in the circuit court. Defendant filed its answers and a motion for summary judgment alleging that the Michigan judgment

was void, fundamentally unfair, and a violation of due process of law in that the injury and incapacity of Mr. Borrowdale was made known to the Michigan court by correspondence and mailgrams and that judgment was rendered against defendant without representation by counsel or its representative, Mr. Borrowdale. Plaintiff filed a response. An order was entered for a briefing schedule and a hearing thereon set for July 24, 1981. The order stated that there was no issue as to the Michigan court's jurisdiction of the parties and of the subject matter, which was stipulated. Memoranda were filed, defendant's memorandum requesting a "brief oral argument." On July 24, 1981, after oral argument and without taking evidence, the court ordered registration of the foreign judgment, with judgment in favor of plaintiff and against defendant for $7,768.39 and costs. Defendant appeals from that order.

OPINION

Defendant contends that the Illinois court erred in denying defendant an evidentiary hearing as to whether defendant was denied due process of law by the Michigan court's denial of its request for a continuance. Defendant argues that where due process is denied in the rendering State, regardless of the context in which the denial took place, the foreign judgment has no claim to full faith and credit in the second State. Defendant therefore concludes that the denial of the requested continuance was a denial of due process which rendered the Michigan judgment constitutionally defective and void.

In *Brownlee v. Western Chain Co.* (1977), 49 Ill. App. 3d 247, 364 N.E.2d 926, *cert. denied* (1978), 435 U.S. 968, 56 L. Ed. 2d 59, 98 S. Ct. 1605, the court stated:

"Article IV, section 1 of the United States Constitution *** commonly known as 'the Full-Faith-and—Credit Clause,' is intended to establish as constitutional law the principles embodied in the common law doctrine of *res judicata*: that a lawsuit, once pursued to judgment, should be as conclusive of the rights of the parties in every other court as it is in the court where the judgment was rendered. (*Riley v. New York Trust Co.* (1942), 315 U.S. 343, 349, 86 L. Ed. 885, 62 S. Ct. 608; *Durfee v. Duke* (1963), 375 U.S. 106, 109, 11 L. Ed. 2d 186, 84 S. Ct. 242.) Illinois adopted the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1975, ch. 77, par. 88 *et seq.*) to facilitate the enforcement of judgments across State

lines. (*Light v. Light* (1958), 12 Ill. 2d 502, 505, 147 N.E.2d 34.)" (49 Ill. App. 3d 247, 250, 364 N.E.2d 926, 928.)

Just as the doctrine of *res judicata* bars parties from relitigating a cause of action in the same State, the constitutional provisions bars them from relitigating the cause of action in a different State. *Finley v. Kesling* (1982), 105 Ill. App. 3d 1, 433 N.E.2d 1112.

When asked to register a foreign judgment, the forum court may constitutionally inquire into the proceedings of the sister State to determine whether such court had jurisdiction of the subject matter and of the parties. If this inquiry reveals an error which (1) renders the foreign judgment void according to the law of the foreign State, or (2) deprives the foreign court of jurisdiction over the contesting party according to the general constitutional principles of due process, the foreign judgment has no constitutional claim to full faith and credit. (*Evans v. Advance Schools, Inc.* (1979), 70 Ill. App. 3d 947, 388 N.E.2d 1003; citing *Kolman v. National Racing Affiliates, Inc.* (1965), 64 Ill. App. 2d 61, 212 N.E.2d 313.) In the instant case, defendant has stipulated that the Michigan court had jurisdiction of the parties and of the subject matter. Nonetheless, defendant contends that the Michigan judgment is unconstitutionally defective and void because the denial there of a continuance violated its due process rights.

Defendant relies on *Riverside & Dan River Cotton Mills v. Menefee* (1915), 237 U.S. 189, 59 L. Ed. 910, 35 S. Ct. 579, *VanDyke v. Illinois Commercial Men's Association* (1934), 358 Ill. 458, 193 N.E. 490, *Kolman v. National Racing Affiliates, Inc.*, and *Evans v. Advance Schools, Inc.* for the proposition that a judgment rendered without due process of law is not entitled to the benefits of the full-faith-and-credit clause. However, those cases are not in point. In each of the cases cited, the due process issue was whether the judgment was void for want of jurisdiction of the defendant. (See *Baker v. Brown* (1939), 372 Ill. 336, 23 N.E.2d 710.) Unlike the instant case, none involved nonjurisdictional errors or defects where jurisdiction as to the parties and subject matter was stipulated or not an issue.

■■ Due process has been defined as an orderly proceeding with notice and an opportunity to be heard. It is not a guarantee against erroneous or unjust decisions by a court which has jurisdiction of the parties and subject matter, and a constitutional question is not presented where a court may have misconstrued the law or committed an error for which its judgment should be reversed. (*Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 259 N.E.2d 282.) Due process is not denied when a party fails to avail himself of the opportunity to

be heard after it is offered to him. (*First Lien Co. v. Markle* (1964), 31 Ill. 2d 431, 202 N.E.2d 26.) It is not a guarantee that the opportunity to be heard will be conducted entirely free from error, but rather provides a procedure for review and correction of such errors as may occur. (*Rhodes v. Anderson* (1976), 39 Ill. App. 3d 208, 349 N.E.2d 113.) The granting or refusal of a continuance rests in the discretion of the court to which application is made. *Peoples Gas Light & Coke Co. v. Buckles* (1962), 24 Ill. 2d 520, 182 N.E.2d 169; *Chicago Land Clearance Com. v. Darrow* (1957), 12 Ill. 2d 365, 146 N.E.2d 1; *Economy Fire & Casualty Co. v. Warren* (1979), 71 Ill. App. 3d 625, 390 N.E.2d 361.

Defendant's argument regarding the denial of due process fails because the exercise of discretion in the allowance or denial of a motion for continuance does not involve due process. (*Benton v. Marr* (1936), 364 Ill. 628, 5 N.E.2d 466; *City of Chicago v. Southgate Corp.* (1980), 86 Ill. App. 3d 56, 407 N.E.2d 881; *Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 362 N.E.2d 382.) While a continuance clearly required by the ends of justice may be considered a denial of due process in the constitutional sense, it has instead been held to be an abuse of discretion warranting reversal on direct appeal. (See *Brown v. Air Pollution Control Board* (1967), 37 Ill. 2d 450, 227 N.E.2d 754.) Where a judgment is challenged on the grounds that its enforcement will deprive the person of some constitutional right, such as due process, no constitutional question is involved and the question is simply the validity of the judgment. *Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 259 N.E.2d 282.

■■ The denial of a continuance, however erroneous, even if it is an abuse of discretion or a denial of due process, does not necessarily render the judgment void. Although palpably wrong, these are matters for direct relief and "cannot be pleaded against the record collaterally, for to say that a court is divested of its jurisdiction to decide matters properly brought before it by deciding them erroneously, is to deny the very power it is called upon to exercise." (*Baker v. Brown* (1939), 372 Ill. 336, 341, 23 N.E.2d 710, 713; 1 Freeman on Judgments sec. 357 (5th ed. 1925).) A court having jurisdiction has jurisdiction to decide erroneously as well as correctly. (*La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, 337 N.E.2d 19; *Kazubowski.*) Jurisdiction does not depend on the rightfulness of the decision and is not lost because of an erroneous decision, however erroneous it may be. *Baker v. Brown; O'Brien v. People ex rel. Kellogg Switchboard & Supply Co.* (1905), 216 Ill. 354, 75 N.E. 108.

Defendant's reliance on *Ann Arbor Bank v. Weber* (1953), 338 Mich. 341, 61 N.W.2d 84, is also misplaced. There the defendant, a nonresident acting at all times through his attorney, filed an appearance and answer, and thereafter an answer verified by defendant to an order for discovery. The trial court struck defendant's answer solely because defendant did not personally appear for discovery before a notary in Michigan as subpoenaed. On direct appeal by defendant, the default was reversed and the cause remanded for further proceedings. It was held that the Michigan court rules did not authorize the issuance of process enforceable outside Michigan and that such authority would conflict with article II, section 12 of the Michigan State Constitution. Under that section, a defendant has the right "to prosecute or defend his suit, either in his own proper person or by an attorney or agent of his choice." Although defendant here contends that *Ann Arbor Bank* is authority to hold the instant Michigan judgment void, that case does not so hold, nor is any authority cited nor found to support the contention. At most, it demonstrates that the error resulted in a voidable judgment which was binding upon the parties until set aside upon a direct challenge to its validity. No issue was there presented as to whether the judgment was void or subject to a collateral attack.

Although defendant stipulated that the Michigan court had jurisdiction of the parties and the subject matter, it contends that the denial of a continuance constituted a denial of due process "which affected the jurisdiction of the Michigan court to enter the judgment entered." Defendant relies upon a statement in *Thompson v. Safeway Enterprises, Inc.* (1978), 67 Ill. App. 3d 914, 918, 385 N.E.2d 702, 706, which reads:

> "Defendant does not contend that the Florida court's denial of a continuance amounts to fraud in procurement of the judgment or affects the jurisdiction of that court. Absent this type of allegation, we cannot review the denial of the continuance."

Defendant argues that its allegations therefore allow a review of the denial of the continuance by the Michigan court. However, *Thompson* initially stated: "The judgment is not subject to collateral attack except for the defenses of fraud in the procurement of the judgment or lack of jurisdiction in the court rendering it." (67 Ill. App. 3d 914, 916, 385 N.E.2d 702, 705.) The court further stated that a judgment debtor "is not permitted to raise defenses or setoffs, except for lack of jurisdiction and fraud in procurement of the judgment, that he could have advanced before the judgment became final." 67 Ill. App. 3d 914, 918, 385 N.E.2d 702, 706.

■ Defendant has taken the statement in *Thompson* out of context. A full reading clearly indicates that the type of allegation which affects the jurisdiction must show a complete lack of jurisdiction in the rendering court. No allegation has been made or could be made that the jurisdiction originally obtained was somehow lost or divested. The general rule is that the jurisdiction of a cause depends on the state of facts at the time the action is brought; after jurisdiction has once vested it cannot be divested by subsequent events. (*Fiore v. City of Highland Park* (1968), 93 Ill. App. 2d 24, 235 N.E.2d 23, *cert. denied* (1969), 393 U.S. 1084, 21 L. Ed. 2d 776, 89 S. Ct. 867; *Griffin v. Billberry* (1971), 1 Ill. App. 3d 219, 273 N.E.2d 693.) The jurisdiction of a court over the subject matter and the parties, once fully attached in a case, continues until all the issues both of fact and law have been finally determined. (*Whitley v. Lutheran Hospital* (1979), 73 Ill. App. 3d 763, 392 N.E.2d 729; *Kovac v. Kovac* (1960), 26 Ill. App. 2d 29, 167 N.E.2d 281.) Such jurisdiction is not lost by an erroneous decision or erroneous proceedings. The Michigan court's authority was not lost or divested by the denial of a continuance.

■ In the absence of fraud in the procurement of the judgment, jurisdiction of the parties and of the subject matter having been stipulated and vested, defendant's defense is a collateral attack on the Michigan judgment. It cannot be maintained in a proceeding to register a foreign judgment. Therefore, there was no error in the failure of the forum court to hold an evidentiary hearing on defendant's defense.

Accordingly, the judgment sustaining registration of the Michigan judgment is affirmed.

Affirmed.

WILSON, P.J., and LORENZ, J., concur.