ALL SEASONS INDUSTRIES, INC., Petitioner-Appellant, v. BOB GREGORY, Respondent-Appellee.

Fifth District No. 5—87—0658

Opinion filed September 26, 1988.

John J. Kurowski, P.C., of Belleville (John J. Kurowski and Charles Courtney, Jr., of counsel), for appellant.

Ralph J. Derango, of Belleville, for appellee.

JUSTICE CALVO delivered the opinion of the court:

Petitioner-appellant, All Seasons Industries, Inc., attempted to register in Illinois under the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1987, ch. 110, par. 12—601 et seq.) an Indiana judgment it obtained against respondent-appellee, Bob Gregory. Before obtaining the Indiana judgment, petitioner sent respondent a copy of the summons and complaint through the mail. Respondent argued before the St. Clair County court that the petition to register the judgment should be denied because petitioner obtained the Indiana judgment without first effecting personal service on respondent. The trial court denied the petition, but gave no reason for its decision. Petitioner argues on appeal that it properly served respondent and, therefore, the trial court's decision should be reversed.

Indiana allows service on an individual by certified or registered mail while Illinois does not. Indiana Trial Rule 4.1 provides that "[s]ervice may be made upon an individual *** by *** [s]ending a copy of the summons and complaint by registered or certified mail." Indiana Trial Rule 4.4(A) allows for service by certified or registered mail on a nonresident of Indiana where the defendant is doing business in Indiana or contracting to supply services or goods in the State. Illinois, on the other hand, only allows service by certified or registered mail if a plaintiff files the complaint in small claims court. (107 Ill. 2d Rules 284, 289.) Otherwise, service must be obtained by personally delivering the summons and complaint to the defendant or by leaving the summons and complaint at the defendant's usual place of abode. (Ill. Rev. Stat. 1987, ch. 110, par. 2—203.) The Indiana judgment awarded petitioner $7,945 against respondent pursuant to a contract between the parties. Because the maximum small claims award is $2,500 (107 Ill. 2d R. 289), Illinois would not permit certified or registered mail for service on petitioner's cause of action. Petitioner contends that it properly served respondent because it complied with the Indiana rules for service by mail. Although respondent does not contend that petitioner did not comply with Indiana Trial Rules 4.1 and 4.4 for service by mail, respondent asserts that because Illinois

does not allow service by mail, such service violates the public policy of Illinois, and thus the Indiana judgment cannot be recognized by Illinois. For the reasons set forth below, we reverse the trial court's decision.

"Under the doctrine of full faith and credit, the forum court will not rehear a case on its merits because the judgment is *res judicata* \*\*\*." (*Thompson v. Safeway Enterprises, Inc.* (1978), 67 Ill. App. 3d 914, 916, 385 N.E.2d 702, 705.) When a party seeks to register a foreign judgment in Illinois, however, the trial court may inquire as to whether the foreign State lacked either personal or subject matter jurisdiction. (*Ace Metal Fabricating Co. v. Arvid C. Walberg & Co.* (1985), 135 Ill. App. 3d 452, 457, 481 N.E.2d 1066, 1070.) Nevertheless, the foreign judgment is presumed valid and the respondent must rebut this presumption. (*Ace Metal*, 135 Ill. App. 3d at 457, 481 N.E.2d at 1070.) In *People ex rel. Loeser v. Loeser* (1972), 51 Ill. 2d 567, 283 N.E.2d 884, petitioner, Julius Loeser, obtained a judgment for divorce against respondent, Jill Loeser, in Indiana. Julius obtained service on Jill through restricted mail delivery. The judgment also awarded Julius custody of the parties' son, Jeffrey. Although Julius lived in Indiana at the time of the divorce, Jill and Jeffrey lived with Jill's parents in Illinois. After obtaining the Indiana judgment, Julius sought a writ of *habeas corpus* to direct that Jeffrey be placed in his custody. Jill contended that the Indiana judgment was invalid because Indiana's service of process rules not only violated Illinois law because Illinois does not allow service by mail, but also offended due process. The supreme court first quoted Indiana Trial Rules 4.1 and 4.4, which provided for service on nonresidents by certified or registered mail. The court then held the following:

> "The requisites of due process are satisfied if the manner of effecting service of summons gives reasonable assurance that notice will actually be given and the person against whom the action is brought is given reasonable time to appear and defend on the merits. (*McGee v. International Life Insurance Co.*, 355 U.S. 220, 2 L. Ed. 2d 223, 78 S. Ct. 199; *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154.) Service as effected under the Indiana statute and rules meets this test, and due process does not require precise compliance with the allegedly more stringent requirements of the Illinois statute and the rules of this court." (*Loeser*, 51 Ill. 2d at 572, 283 N.E.2d at 887.)

Thus, it was not enough that petitioner complied with the service of process rules of the foreign jurisdiction. The correct test was whether

the method of service petitioner used satisfied the requirements of due process. *Loeser* holds that, despite Illinois' service of process rules, a defendant is afforded due process even though he or she is served by certified or registered mail, and we are bound by the *Loeser* decision.

■■ Respondent argues, however, that service by mail violates Illinois public policy. *Loeser* did not deal with the public policy aspect of service by mail. Nonetheless, the *Loeser* court held that the Indiana rules adequately protected a defendant's due process rights, and the due process test is much more stringent than a broad public policy analysis. Respondent also does not cite any case law directly on point, and we are unable to locate any. For these reasons, we hold that the public policy of Illinois is not adversely affected by recognizing an Indiana judgment entered after petitioner obtained service of process on respondent through certified or registered mail.

■■ ■ Respondent also contends that Illinois should not recognize the judgment because petitioner obtained it by fraud. Based on his correspondence with petitioner, respondent alleges that petitioner agreed not to enter a default judgment against him until petitioner furnished the statutory authority it relied on in serving respondent by mail and until negotiations could be attempted on the respective claims of the parties. Respondent also asserts that petitioner obtained the judgment without notifying respondent of his intent to disregard negotiations.

Not only is a foreign judgment subject to attack in the forum court for lack of jurisdiction, Illinois law also provides that a foreign judgment is subject to attack if the judgment was procured by fraud. (*Ace Metal*, 135 Ill. App. 3d at 456, 481 N.E.2d at 1069; *Thompson*, 67 Ill. App. 3d at 916, 385 N.E.2d at 705; see *Crist v. Quam* (1984), 126 Ill. App. 3d 167, 466 N.E.2d 1223 (judgment not procured by fraud even though defendants' attorney lacked authority to settle the case).) We hold, however, that respondent's allegations do not prove that fraud occurred in the procurement of the judgment. The record reveals that respondent did request the statutory authority on which petitioner based its service, and respondent and petitioner did agree to negotiate the parties' respective claims. Nevertheless, petitioner had no duty to provide said statutory authority or to continue with negotiations. If respondent wished to contest the Indiana court's personal jurisdiction, respondent could have filed an appropriate motion under Indiana Trial Rule 12. Moreover, it was not the responsibility of petitioner's attorney to provide respondent's attorney with the jurisdictional law or rules of Indiana, even if petitioner's attorney origi-

nally agreed to do so.

■ Respondent also argues that petitioner did not inform respondent of its intent to break off negotiations and obtain a judgment. The record reveals, however, that the Indiana court sent respondent notice of the hearing by certified mail. In addition, the judgment itself states that respondent's attorney received actual notice of the hearing. This should have adequately alerted respondent of the possibility that some action would be taken against him at that time. Because respondent did not file any pleadings with the Indiana court either contesting jurisdiction or answering the complaint itself, the Indiana court had authority to render the judgment against respondent. We cannot say that a fraud was perpetrated on the court where respondent had sufficient measures in the Indiana court with which to defend against petitioner's cause of action. See *Thompson*, 67 Ill. App. 3d at 916, 385 N.E.2d at 705.

Accordingly, the judgment of the circuit court of St. Clair county is reversed and remanded with directions to register the Indiana judgment in Illinois.

Reversed and remanded with directions.

LEWIS and WELCH, JJ., concur.