Martin B. Stecher, J.
This is a petition brought, presumably pursuant to the provisions of CPLR article 78, to compel the County Clerk of New York County to file a judgment purportedly obtained in the State of Washington against the State of Washington in the sum of $5,000,000 (CPLR art 54). The judgment of the Superior Court of the State of Washington, County of King, reads as follows:
"The above-entitled matter came on for hearing on defendant’s motion to dismiss September 29, per letter of Atty General dated 9-5-7, 1975 before the Honorable Judge Ward *135 Roney, a judge of the above entitled court. The defendant was present, pro se, and the Attorney General did not make an appearance fully aware that a Court appearance was scheduled for this date.
"The Court read and considered the motions, it is hereby ordered, adjudged and decreed that the above-entitled cause
WR
be dismissed, with projudico and-render -judgment for the defendant in the amount of FIVE MILLION DOLLARS
WR
($5,000,000.00). done in this court this 29th day of September, 1975.
Ward Roney JUDGE”
The county clerk has refused to recognize this document as a money judgment in favor of this petitioner, entitled to be entered as such in this State, and I concur in his position.
CPLR article 54, the "Uniform Enforcement of Judgments Act,” was enacted in 1970 (L 1970, ch 982) for the purpose of avoiding litigating in each of 50 jurisdictions a judgment entitled to full faith and credit in every State of the Union (US Const, art IV, § 1) and to provide, as its name implies, not only an efficient means of enforcement, but one uniform throughout the nation. In doing so it eliminated the need for judicial determination of the existence of the judgment and substituted the purely ministerial or clerical task of recording and entering the document as presented and authenticated (CPLR 5402, subd [a]). The document presented to the county clerk, in its present form, does not, on its face award the petitioner a money judgment. Such provision has been stricken out.
In support of his argument the petitioner submits an affidavit of the Deputy Clerk of the Superior Court which states that the judgment, when originally filed, "did not contain the delineations indicated on the attached copy and initiled (sic) by Judge Roney;” and petitioner submits a copy of the "Local Rules, Superior Court for King County,” Washington (rule 54g) which provides that all such deletions "shall be initialed and dated by the judge and by counsel for any party affected.” The deletions being undated and not initialed by counsel, petitioner argues that the New York County Clerk must ignore them.
The petitioner misconceives the clerical function. It is not to exercise discretion in applying the laws of foreign States. It is *136 to perform only those ministerial acts mandated by law. The county clerk is not authorized to resolve ambiguities contained in foreign judgments; and "ambiguity” is the most favorable description which we may append to this document. Relief in the first instance must be obtained in the courts of Washington.
The petition is dismissed.