AYERS ASPHALT PAVING, INC., Plaintiff-Appellee, *v.* ALLEN ROSE CEMENT AND CONSTRUCTION COMPANY, d/b/a Rose Construction Company, Defendant-Appellant.

First District (5th Division)   No. 81—761

Opinion filed September 17, 1982.—Rehearing denied October 29, 1982.

Morgan, Tuchow & Karzov, of Chicago (Arnold J. Karzov and Philip S. Witt, of counsel), for appellant.

Kenneth E. Scheiwe, of Chicago, for appellee.

JUSTICE MEJDA delivered the opinion of the court:

This appeal is from an order granting plaintiff's petition in an action brought under the uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1977, ch. 77, pars. 88 through 105)[1] (the Act), to register against defendant, Allen Rose Cement and Construction Company (hereinafter Corporation), doing business as Rose Construction Company, a default judgment rendered by an Ohio court against Rose Construction Company (hereinafter Company).

The issues presented on appeal are: (1) whether the trial court erred in finding that the Ohio court had obtained personal jurisdiction over the Corporation by service of summons upon the Company; (2) whether the trial court erred in finding that the Ohio court had obtained personal jurisdiction over the Company under the Ohio "long arm" rules; and (3) whether the trial court erred in lending full faith and credit to the Ohio judgment.

On April 28, 1978, plaintiff filed a petition to register an Ohio judgment in the circuit court of Cook County. The petition alleged that on February 5, 1973, a court of general jurisdiction in Ohio entered judgment in favor of plaintiff and against defendant, after personal service of alias summons upon defendant. The petition also alleged that the original action in Ohio had been brought against the Company but that only recently had plaintiff discovered that the Corporation was operating under the assumed name of "Rose Construction Company."[2]

After defendant (Corporation) filed its answer denying that it was doing business under the name "Rose Construction Company," plaintiff filed a motion for summary judgment alleging that the Company was served with alias summons in the Ohio case on October 6, 1972, by means of certified mail, that the return receipt was signed by "Petra Tepavich" as "agent" for Rose Company, and that the original cause of action arose from subcontracting work done by plaintiff for

---

[1] Now cited as sections 12—601 through 12—617 of the Code of Civil Procedure. Ill. Rev. Stat. 1981, ch. 110, pars. 12—601 through 12—617.

[2] The caption of the Ohio judgment order varies from the caption in the instant petition for registration of the judgment. In the Ohio action the defendant is named as "Rose Construction Company," whereas in the instant action defendant is named as "Allen Rose Cement and Construction, d/b/a Rose Construction Company."

the Company in 1966 and 1967 in Lima, Ohio. Plaintiff also alleged in its motion that "Rose Construction Company" was an assumed name used by the Corporation, and that service of process upon this Company was effective as to the Corporation.

Defendant replied to the motion denying that "Rose Construction Company" was an assumed name for the Corporation, and stating that that name was an assumed name used by "Allen Rose" individually. Defendant also alleged that Petra Tepavich, the person who received the alias summons by certified mail, was not authorized to accept summons for Allen Rose, and that Allen Rose was never personally served.[3] Defendant also alleged that when plaintiff did its subcontracting work in 1966 and 1967, Allen Rose was doing business as a sole proprietor, under the name "Rose Construction Company," and that the Corporation did not use an assumed name. Defendant stated that neither the Corporation nor Allen Rose, individually, had ever been served with process.

The trial court denied the motion for summary judgment on July 2, 1979, finding that a material question of fact existed as to whether the Ohio action was against the Corporation or against Allen Rose, individually, acting as the sole proprietorship "Rose Construction Company." Following a subsequent hearing, at which testimony was presented by both parties on the question of which entity was the real party in interest, and after considering memoranda of law submitted by the parties, on March 2, 1981, the trial court entered judgment in favor of plaintiff and against defendant (Corporation) named herein.

OPINION

The purpose of the Act is to implement the full faith and credit clause of the Federal Constitution and to facilitate interstate enforcement of judgments in any jurisdiction where the judgment debtor is found. (*Light v. Light* (1957), 12 Ill. 2d 502, 147 N.E.2d 34; *Thompson v. Safeway Enterprises, Inc.* (1978), 67 Ill. App. 3d 914, 385 N.E.2d 702.) The term "judgment debtor" under the Act means the party against whom a foreign judgment has been rendered. (Ill. Rev. Stat. 1981, ch. 77, par. 88.) Under the full faith and credit doctrine, the forum court will not rehear a case on its merits because the judgment is

---

[3]The Ohio docket, attached to plaintiff's motion for summary judgment, contained the following entires: "1972 Oct. 4 *** Alias summons together with copy of complaint, and amended complaint mailed by certified mail, return receipt requested to the defendant, Rose Construction Co., 403 Ogden Ave., Clarendon Hills, Illinois 60514 Postage ($.89)

Oct. 10 Return Receipt, signed Pitra Tipavich [*sic*], for Rose Construction filed."

*res judicata* as to the nature and amount of the plaintiff's claim. (*Thompson; Southern Bell Telephone & Telegraph Co. v. Woodstock, Inc.* (1975), 34 Ill. App. 3d 86, 339 N.E.2d 423.) The foreign judgment is not subject to collateral attack in an Illinois court except for the defense of fraud in the procurement of the judgment or lack of jurisdiction in the rendering court. (*Thompson; Carlson v. Prestige Casualty Co.* (1975), 28 Ill. App. 3d 926, 329 N.E.2d 477; *Davis v. Nehf* (1973), 14 Ill. App. 3d 318, 302 N.E.2d 382.) An attack on the judgment is collateral where the action or proceeding has an independent purpose and contemplates some other relief or result. *Buford v. Chief, Park District Police* (1960), 18 Ill. 2d 265, 164 N.E.2d 57; *Matthews v. Doner* (1920), 292 Ill. 592, 127 N.E. 137.

■ A judgment *in personam* rendered against one who was not designated a party, or who was not made a party by service of process, is not entitled to full faith and credit (*Newberry Library v. Board of Education* (1944), 387 Ill. 85, 55 N.E.2d 147; *Evans v. Illinois Surety Co.* (1925), 319 Ill. 105, 149 N.E. 802; see also *King v. Kings County Lafayette Trust Co.* (E.D.N.Y. 1970), 323 F. Supp. 640; Restatement (Second) of Judgments sec. 34 (1982)), and it may not be enforced against the absent person, as a matter of due process of law. *Hansberry v. Lee* (1940), 311 U.S. 32, 85 L. Ed. 22, 61 S. Ct. 115; *Newberry Library.*

Defendant contends that the Corporation is not a proper party to this action since it was never a party to the Ohio proceeding. It is undisputed that the Corporation was not named as a party in the Ohio action, and it was not until plaintiff sought to register its judgment that it contended that "Rose Construction Company" was a trade name for the Corporation. The document reciting the judgment presented to the circuit court, in its present form, does not, on its face, award plaintiff judgment against the Corporation, nor is the Corporation named as a party. The question thus arises as to who was bound by the Ohio judgment. Assuming, arguendo, that the judgment is valid as against the named Company, the fundamental question remains whether plaintiff can amend the Ohio judgment in the forum court upon proceedings for registration to add the Corporation as the intended judgment debtor.

Plaintiff relies on the law governing misnomer of a party to circumvent the fact that the Corporation was not named a party in the original suit. It is plaintiff's contention that the Corporation was the real party in interest, which it intended to sue, that service of summons upon the Company in the manner herein described was effective notice of the action as to the Corporation, and that to amend the Ohio

judgment would be merely to correct a misnomer. See, *e.g.*, Restatement (Second) of Judgments sec. 34, comment d (1982).

■■■ In support of this argument, however, plaintiff has cited no authority which suggests that misnomers contained in foreign judgments can be resolved under the registration procedure. (But *cf. Berman v. County Clerk* (1976), 88 Misc. 2d 134, 387 N.Y.S.2d 519, where under New York registration procedure County Clerk was not authorized to resolve ambiguities contained in foreign judgment.) We believe that plaintiff's attempt to establish the real party in interest in the forum court raises issues which are collateral to the Ohio judgment and which exceed the scope of proper judicial inquiry under the Act. It is noted that although section 21 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 21)[4] allows corrections of misnomer at any time before or after judgment, the procedures governing actions on foreign judgments are regulated by the Act, and not by the Civil Practice Act. (See *Thompson v. Safeway Enterprises, Inc.* (1978), 67 Ill. App. 3d 914, 385 N.E.2d 702.) The record is silent as to whether plaintiff ever attempted to correct the claimed misnomer in the rendering court. We feel relief in the first instance must be obtained in the courts of Ohio, and not upon registration in the circuit court. The instant judgment document refers by name only to the Company and the Corporation took no part in the Ohio proceeding which resulted in the default judgment. Under these circumstances we find that the trial court exceeded its authority in entering judgment against the Corporation.

Defendant also contends that the Ohio court did not obtain jurisdiction over the Company and that its judgment is therefore void. The plaintiff has not sought, by this action, to register the judgment against the Company and therefore we do not consider this question to be one properly before us. In view of our disposition of this appeal, we think it unnecessary to address defendant's remaining contentions challenging the correctness of the circuit court's order.

For the foregoing reasons, the judgment of the circuit court is reversed.

Reversed.

SULLIVAN, P. J., and WILSON, J., concur.

---

[4]Now cited as section 2—401 of the Code of Civil Procedure. Ill. Rev. Stat. 1981, ch. 110, par. 2—401.