■ In the Matter of PATRICK BEARY, Appellant, v WHITE & CASE et al., Respondents.—In a proceeding pursuant to CPLR article 52, Patrick Beary appeals from a judgment of the Supreme Court, Queens County (Pitaro, J.), dated January 4, 1988, which dismissed the proceeding.

Ordered that the judgment is modified, on the law, (1) by deleting the provisions thereof which denied those branches of the petition which were (a) to vacate the entries in the judgment docket book in the office of the County Clerk, Queens County, reporting that a judgment was recovered

against the petitioner in the United States Court of Appeals for the Second Circuit, docket No. 84-7965 in the total amount of $1,988, and (b) to declare null and void the transcript of judgment dated June 11, 1987, in the amount of $1,988 issued by the County Clerk, Queens County, and all executions made pursuant to that transcript of judgment, and substituting therefor provisions vacating the entry in the judgment docket book in the office of the County Clerk, Queens County, reporting that a judgment was recovered against the petitioner in the United States Court of Appeals for the Second Circuit, docket No. 84-7965 in the total amount of $1,988; and declaring null and void the transcript of judgment, based upon that docket entry, dated June 11, 1987, issued by the County Clerk, Queens County, and all executions made pursuant to that docketing, and (2) deleting the provision thereof which dismissed the cause of action asserted against the respondent Chase Manhattan Bank, N. A. for wrongfully debiting the petitioner's account, and substituting therefor a provision severing the cause of action asserted against Chase Manhattan Bank, N. A.; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that the petitioner is awarded one bill of costs, payable by the respondents White & Case and West Publishing Company.

In May of 1985 West Publishing Company (hereinafter West), was awarded a judgment of $1,000 in damages and double costs against Patrick Beary by the United States Court of Appeals for the Second Circuit. Thereafter, White & Case, the attorneys for West, took action to collect the judgment debt. In order to docket the judgment in the office of the County Clerk, Queens County, White & Case filed (1) an "Abstract of Judgment" certified by the Clerk of the United States District Court for the Eastern District of New York, which indicated that a judgment in the amount of $494 was obtained by West against the petitioner, (2) a copy of the mandate of the United States Court of Appeals for the Second Circuit and (3) a copy of the taxed statement of costs in an amount of $494, certified by the National Archives and Record Administration.

As a result of this filing, two entries were made in the judgment docket book in the office of the County Clerk, Queens County, on April 7, 1987. The first stated that a judgment in the sum of $494 was recovered in the United

States District Court for the Eastern District of New York, docket No. CV-84-3219, pursuant to the abstract of judgment issued out of that court. The second entry listed three sums; $494, $494, $1,000 and stated that the aggregate amount of $1,988 was recovered in the United States Court of Appeals for the Second Circuit, apparently on the basis of the copy of the mandate and the statement of taxed costs in the action.

The petitioner, Patrick Beary, commenced the instant proceeding, *inter alia,* to vacate the judgment docketed in the office of the County Clerk, Queens County, on April 7, 1987, as well as several restraining notices which were issued in an attempt to enforce the judgment. The petitioner also asserted a claim against Chase Manhattan Bank, N. A., for having wrongfully debited his account in the amount of $1,988 in favor of West.

We agree with the petitioner that the docketing of the purported judgment of the United States Court of Appeals for the Second Circuit in the amount of $1,988 against the petitioner was in breach of the statutory requirements. The execution made pursuant to this docket entry is, therefore, null and void.

CPLR 5018 (b) provides: "A transcript of the judgment of a court of the United States rendered or filed within the state may be filed in the office of the clerk of any county and upon such filing the clerk shall docket the judgment in the same manner and with the same effect as a judgment entered in the supreme court within the county."

The mandate and statement of taxed costs which White & Case filed with the County Clerk, Queens County, were improperly docketed since these documents do not constitute "the judgment of a court of the United States", as is required by CPLR 5018 (b) *(see also,* 28 USC § 1962; *Keeton v Hustler Mag.,* 815 F2d 857, 859; *Knapp v McFarland,* 462 F2d 935, 938). Moreover, these documents were ambiguous as to the true amount of the judgment and should, therefore, have been rejected since a County Clerk is not authorized to resolve ambiguities in documents filed for docketing in his or her office *(see, Matter of Berman v County Clerk of N. Y. County,* 88 Misc 2d 134). Similarly, since this court is without jurisdiction to resolve the ambiguities in documents issued by a Federal court and submitted to the County Clerk for docketing *(see, Federal Deposit Ins. Corp. v Richman,* 98 AD2d 790), the improperly filed entry in the County Clerk's docket book, which was based upon the mandate and statement of taxed

costs in the aggregate sum of $1,988, must be vacated. The parties' remedy, if they be so inclined, lies in the appropriate Federal court.

Different considerations arise with respect to the docket entry in the amount of $494, which was based upon the abstract of judgment issued by the Clerk of the United States District Court for the Eastern District of New York. This entry fully comported with statutory requirements and there is no basis on the record upon which to disturb it.

With respect to the claim asserted against Chase Manhattan Bank, N. A., we find that the Supreme Court erred in summarily dismissing that branch of the petition. A sufficient cause of action has been stated alleging that the bank wrongfully debited the petitioner's account. Accordingly, this cause of action must be severed and remitted to the Supreme Court, Queens County, for further proceedings.

We have examined the petitioner's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.