No. 3–07–0468

Filed May 15, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| JACK A. SUNSERI and CONSOLIDATED PARTNERS, LTD., | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 05–L–159 |
| JANET MOEN, Individually, as Partner of Macro Cellular Partners, | ) ) ) | Honorable Alan G. Blackwood, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the opinion of the court:

Plaintiffs Jack A. Sunseri and Consolidated Partners, Ltd (hereinafter, collectively, Sunseri), appeal from judgment of the circuit court of Rock Island County dismissing with prejudice an action to register a $5,984,686.01 foreign judgment against Macro Cellular Partners (Macro) alone, and then enforce the registered judgment against an individual partner unnamed in the original New York lawsuit. Sunseri requests this court to determine whether the Rock Island County circuit court erred in ruling that Sunseri could not reach Janet Moen's personal assets under the New York judgment because she was not made a party to the underlying suit in New York against Macro and by dismissing Sunseri's amended complaint to add Moen individually as a party. For reasons that follow, we affirm in part and vacate in part the trial

court's decision.

## BACKGROUND

In 1996, Sunseri filed suit in New York against Cellular Communications, Inc., and Macro, a general partnership. Sunseri sought damages from Macro for breach of contract, breach of fiduciary duty, and related conduct allegedly committed against Sunseri by Macro's general partners to deprive Sunseri of its share of partnership distributions. Following protracted litigation, the New York trial court awarded judgment on April 8, 2005, against Macro and in favor of Sunseri on the breach of contract and breach of fiduciary duty claims in the amount of $5,984,686.01.

On February 17, 2005, Judge Bernard J. Fried directed the clerk of the Supreme Court of the State of New York, New York County, to enter a judgment against Macro in a case encaptioned "Jack A. Sunseri and Consolidated Partners, Ltd., Plaintiffs, against Macro Cellular Partners and Cellular Communications, Inc., Defendant."

On November 4, 2005, attorney Shawn C. Fulbright, representing Sunseri in Illinois, filed an affidavit entitled "Jack A. Sunseri and Consolidated Partners, Ltd., Plaintiffs vs. Janet Moen, Individually as partner of Macro Cellular Partners, Defendant" with the circuit clerk in Rock Island County, Illinois. Based on the affidavit, counsel requested registration of the foreign judgment pursuant to the Uniform Enforcement of Foreign Judgments Act against only Moen as an individual partner (735 ILCS 5/12–650 *et seq.* (West 2006)).

Presumably adopting the case caption of Sunseri's affidavit, the circuit court clerk opened a file encaptioned "Jack A. Sunseri and Consolidated Partners, Ltd., Plaintiffs vs. Janet Moen, Individually as partner of Macro Cellular Partners, Defendant," assigned the cause the

number 05–L–159, and filed Sunseri's affidavit with the attached decision signed by Judge Fried. On the same date, November 4, 2005, the Rock Island County circuit clerk issued a notice of registration of foreign judgment prepared by counsel for Sunseri with a case caption that named Moen individually. This notice stated that Sunseri filed a "Petition to Register Foreign Judgment," but a petition was not included in this filing.

On December 8, 2005, the clerk issued a memorandum of judgment against Moen, individually, stating as follows: "On November 4, 2005, a judgment was rendered herein in the amount of $6,274,365.73 and costs of suit in favor of Jack A. Sunseri and Consolidated Partners, Ltd. and against Janet Moen, Individually as partner of Macro Cellular Partners." However, no judicial action was taken in the Rock Island County circuit court based on the registration documents. The clerk issued a citation notice to Moen alone, contemporaneously with the memorandum of judgment, designating Moen as the "judgment debtor" and setting the cause for a January 9, 2006, hearing.

On January 9, the court entered an agreed order continuing the citation hearing to January 26. In the meantime, on January 12, Sunseri prepared and then filed a third-party citation notice on First Midwest Bank, N.A., of Moline, Illinois. This citation notice also showed "Janet Moen, Individually as partner of Macro Cellular Partners," as the "judgment debtor," and stated that "[t]he citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor" in the amount of "$6,274,365.73 + costs." A third-party citation to discover assets was issued by the circuit court clerk and served on First Midwest Bank by a Rock Island County sheriff's deputy on January 18, 2006.

On January 25, 2006, the day before the date set for the hearing on Sunseri's citation

3

against Moen individually, Moen filed a motion to vacate enforcement of the New York judgment against her individually and to stay the citation to discover assets. In an attached affidavit, Moen averred that she was not named as an individual defendant in the New York suit, and she had not been served with the summons and complaint in that case. She also sought a stay of enforcement on the ground that the New York County court's decision was pending review in the New York appellate division.

The parties submitted briefs and argued their positions before Judge Lori R. Lefstein. On March 20, 2006, Judge Lefstein ruled that Sunseri had an enforceable Illinois judgment against Macro Cellular Partners pursuant to the Illinois Uniform Partnership Act (1997) (805 ILCS 206/100 *et seq.* (West 2006)), but not against Moen individually, and entered two separate orders. One order was captioned "Jack Sunseri, *et al.*, Plaintiff, vs. Janet Moen *and* Macro Cellular Partners, Defendant" (emphasis added) and denied Moen's motion to vacate or stay enforcement and continued the citation lien against Moen's assets held by First Midwest Bank. A separate order captioned "Jack A. Sunseri, Plaintiff, vs. Macro Cellular Partners, Defendant," directed First Midwest Bank to turn over funds held by the Bank pursuant to the third-party citation to discover assets. The original affidavit in the action to register the foreign judgment was not directed toward the partnership and requested the registration of judgment in Moen's name, individually. The third-party citation was not directed to partnership assets in any form.

On March 21, 2006, Moen filed a motion to vacate and stay enforcement of the New York judgment under section 2–1401 of the Code of Civil Procedure (735 ILCS 5/2–1401 (West 2006)) based on lack of subject matter and personal jurisdiction. On March 30, 2006, Judge Alan G. Blackwood considered that motion and ruled that subject matter jurisdiction was not the

4

issue. However, Judge Blackwood questioned whether the court had personal jurisdiction over Moen and invited the parties to brief that issue.

On May 1, 2006, Moen filed another motion to vacate the March 20 orders entered by Judge Lefstein. This motion included Moen's affidavit and related documents, which established that the Macro general partners met in November 1996 and passed a resolution agreeing to be governed by the Florida Revised Uniform Partnership Act of 1995, effective January 1, 1996 (Fla. Stat. §620.81001 *et seq.* (1995)). The documents showed the Macro partnership agreement was amended pursuant to the resolution. In a "Summary of Facts and Law in Support of Plaintiff's Opposition to Vacate Judge Lefstein's Orders of March 20, 2006," Sunseri argued the laws of Florida, New York and Illinois all permitted him, as a judgment creditor, to enforce the New York judgment against the general partners of Macro, because Macro, the judgment debtor, was insolvent. Sunseri attached a September 6, 2005, affidavit of Patrick Martin, Sunseri's attorney in a related collection suit pending in Escambia County, Florida, in which Martin averred Macro was insolvent.

After reviewing the parties' arguments, on June 26, 2006, Judge Blackwood ruled that Sunseri could proceed with a citation to discover the partnership assets. However, citing *Johnson v. St. Therese Medical Center*, 296 Ill. App. 3d 341, 345 (1998), the court ruled that the citation proceeding against Moen's personal assets "must fail" because a judgment against a partnership could not be satisfied by the individual partner's personal assets unless the original action included the partner named in an individual capacity.

Responding to Judge Blackwood's jurisdictional concerns, Sunseri next filed a motion for leave to file "amendment to complaint" and an "amendment to complaint" to "add" Moen

5

individually, as a general partner of Macro. This pleading was captioned "Jack A. Sunseri and Consolidated Partners, Ltd., Plaintiffs, vs. Janet Moen, Individually as partner of Macro Cellular Partners, Defendants." The body of the pleading alleged that Sunseri obtained a judgment in New York against Macro which was duly registered in the Rock Island County circuit court; Moen was a general partner of Macro; and Macro was insolvent, leaving a deficiency which Sunseri sought to recover from Moen's personal assets. On August 7, 2006, Judge Blackwood allowed Sunseri's motion to amend and ordered summons to issue. Moen then filed a motion to dismiss the "amended complaint" with prejudice based on Illinois's statute of limitations (735 ILCS 5/2–619(a)(9) (West 2006)).

After considering the parties' arguments, the court entered an order on April 2, 2007, granting Moen's motion to dismiss the procedure to register the foreign judgment against Moen individually with prejudice. Specifically, the court ruled that section 2–411(b) of the Code of Civil Procedure (735 ILCS 5/2–411(b) (West 2006)) does not permit Sunseri to enforce the New York judgment naming the partnership alone, against Moen in her individual capacity, before obtaining a judgment against Moen individually on behalf of Macro. Judge Blackwood also found the amended complaint was time-barred and the amendment did not relate back to November 4, 2005, the date Sunseri initiated the Illinois action to enforce the New York judgment pursuant to section 2–616(a) of the Code of Civil Procedure (735 ILCS 5/2–616(a) (West 2006)).

Sunseri filed a motion to reconsider, which the trial court denied on June 19, 2007, and Sunseri then filed a timely notice of appeal.

ISSUES AND ANALYSIS

6

Sunseri presents seven arguments in this appeal. We consider all arguments but consolidate overlapping matters to address two general contentions of error. First, we address whether the trial court erred by vacating the March 20, 2006, orders and terminating Sunseri's citation proceedings against Moen's personal assets. Second, we consider whether the trial court erred by dismissing Sunseri's "amended complaint" and then erroneously failed to allow the motion to reconsider that ruling.

## I. March 20 Orders

Sunseri argues the March 20, 2006, order entered by Judge Lefstein should not have been vacated by Judge Blackwood on June 26, 2006. Sunseri asserts Judge Lefstein's order recognized that the New York judgment against the Macro partnership is entitled to full faith and credit and formed the basis for a citation proceeding against Moen's individual assets due to her status as a general partner. Sunseri also contends that Judge Lefstein's order was proper because the New York judgment operates as *res judicata* of Moen's personal liability for Macro's debts.

### a. Full Faith and Credit

First and foremost, the action in Rock Island County was initiated as an action to register a judgment under this state's Uniform Enforcement of Foreign Judgments Act (Act) (735 ILCS 5/12–650 *et seq.* (West 2006)). Critical to the outcome of this appeal is an understanding of the limited scope of a proceeding to register a foreign judgment, which is made clear by reference to the Uniform Foreign Money–Judgments Recognition Act (735 ILCS 5/12–618 *et seq.* (West 2006)). The Act cannot expand a foreign judgment to reach a person who was not designated a party or made a party to the foreign action by service of process. See 735 ILCS 5/12–621(a)(2) (West 2004); see also *Ayers Asphalt Paving, Inc. v. Allen Rose Cement & Construction Co.,* 109

7

Ill. App. 3d 520, 523 (1982).

Pursuant to section 12-620 of the Uniform Foreign Money–Judgments Recognition Act, a foreign judgment for money is conclusive and enforceable between the parties (735 ILCS 5/12–620 (West 2004)). However, the law in Illinois is unequivocal as to the parties affected by the scope of a judgment order. A judgment order entered against a partnership in its firm name is enforceable, *i.e.*, subject to collection proceedings, only against property of the partnership and does not constitute a lien upon property other than that held in the firm name. 735 ILCS 5/12-102 (West 2006).

The full faith and credit clause provides each state must give full faith and credit to "the public Acts, Records, and judicial Proceedings of every other State." U.S. Const., art. IV, §1. Blind adherence to the order so registered under the Act is what gives effect to the full faith and credit clause of the United States Constitution.

The judgment Sunseri attached and registered in Rock Island County was a judgment against Macro, a general partnership, rendered by a court in New York state. Registration of this judgment in Illinois, under the Act, required faithfully adopting the caption and language of the judgment order entered in New York without going beyond the parties named in the caption. Here, counsel for Sunseri improvidently expanded the scope of the registration proceeding and injected confusion into the record by drafting an inaccurate caption for his affidavit. This caption modified the original case caption of the New York lawsuit and showed "Janet Moen, Individually *as* partner of Macro Cellular Partners, Defendant" (emphasis added) for purposes of registering the judgment in Illinois.

Apparently based on confusion created by the inaccurate caption of the affidavit which did

8

not mirror the New York judgment order, the Rock Island County circuit clerk's office issued a memorandum of judgment and citation notices naming Moen as an additional judgment debtor when she was not designated as a judgment debtor in the New York judgment order. This confusion reverberates in the caption of both Sunseri's notice of appeal and the parties' appellate briefs, which are entitled, "Jack A. Sunseri and Consolidated Partners, Ltd., Plaintiffs-Appellants, v. Janet Moen, Individually, *and* Macro Cellular Partners, Defendants-Appellees." (Emphasis added.)

The record indicates Sunseri did not simply seek to register the foreign judgment, but desired to expand the New York decision to reach Moen without judicial approval or further court order. We have carefully reviewed the 49-page "Post-Trial Decision" entered by the judge in New York and have not located a single reference to Janet Moen individually or found a legal connection between her and the Macro partnership. The judgment order does not discuss, identify, or even acknowledge that Moen existed.

In sum, neither the Act nor the full faith and credit clause requires a state court to enforce a foreign judgment beyond the language of the foreign judgment order. Here, the caption of counsel's affidavit created the impression that both Macro and Moen were defendants in the original New York action and both were targets of the citations to discover assets issued in Rock Island County.[1] The case caption chosen by counsel for his affidavit may have been confusing, but it did not conclusively convert the underlying New York judgment against Macro into an enforceable judgment against Moen's personal assets or qualify her as a "judgment debtor" under

---

[1]During oral argument, appellate counsel for Sunseri conceded that Janet Moen individually was the only target against whom Sunseri sought to enforce the New York judgment in Rock Island County.

9

the Act. *Ayers Asphalt,* 109 Ill. App. 3d at 523; see also *Capitol One Bank v. Czekala*, No. 3–07–0395 (2008).

The case caption chosen by counsel for his affidavit restricts the registration of the foreign judgment to Moen individually, because the affidavit did not seek registration of the judgment against the partnership. Sunseri's attempt to use Rock Island County circuit court to register a foreign judgment that does not exist against Moen prevents Sunseri's attempt to discover or attach Moen's personal assets.

b. *Res Judicata*

Next, we address Sunseri's contention that, as a judgment creditor of Macro, Sunseri was entitled to enforce the New York judgment against Moen because the issue of Moen's liability for Macro's debts is *res judicata*. In support of this argument, Sunseri asserts:

"According to New York law, a judgment creditor may initiate a subsequent lawsuit against a partner to enforce a judgment previously entered against the partnership. If there is a subsequent suit, however, it is only for the purpose of affording the partner the opportunity contest the limited issue of whether or not the defendant is in fact the general partner of the partnership. *14th RMA Partner, L.P. v. Reale*, 100 F. 3d 278, 280 (2nd Cir. 1996)."

Initially, we note that *Reale* is a Connecticut decision that applied Connecticut law to give rise to a separate deficiency judgment against a partner. *Reale* does not involve supplementary collection proceedings at all.

Further, after reading *Reale*, we note there is no dispute that obtaining a valid judgment against a partnership allows the creditor to *employ* the foreign judgment to obtain a separate

10

judgment against the general partners by establishing individual liability on grounds of *res judicata* when the partnership's business assets are insufficient to satisfy the judgment. What Sunseri fails to comprehend is the legal distinction between supplementary proceedings to *enforce* an existing judgment obtained against the partnership alone and an entirely separate action to *employ* that preexisting judgment to obtain a separate and subsequent judgment against a previously unnamed individual general partner.

This case would fall under the former scenario if Sunseri had properly registered the judgment against the partnership and was collecting the judgment against the assets of the partnership. In this case, the preexisting New York judgment order can be *enforced* with the supplementary proceeding, a citation to discover assets, to collect the debt from partnership assets. See *Pyshos v. Heart-Land Development Co.,* 258 Ill. App. 3d 618, 623 (1994); *Sunseri v. Proctor*, 461 F. Supp. 2d 551, 561 (E.D. Mich. 2006). However, Sunseri did not attempt to register the judgment against the partnership but proceeded to register the New York judgment only against Moen in her individual capacity as a partner. It is significant that Sunseri must first obtain a judgment against Moen individually before properly registering that foreign judgment and using it as a basis for supplementary proceedings.

Sunseri suggests that New York law pertaining to judgments against general partnerships, unlike Illinois law, allows a judgment creditor to enforce a judgment against the assets of general partners based solely on a judgment obtained in a lawsuit naming only the partnership. We disagree that Illinois and New York law differ on this issue. Sunseri must first obtain a judgment against Moen.

Illinois law provides that a partner's personal property may not be attached to satisfy

11

partnership debts without first obtaining a separate enforceable judgment against the partner. See *Johnson*, 296 Ill. App. 3d at 345-46, citing 735 ILCS 5/12-102 (West 1996). Similarly, New York law provides that a judgment against a partnership is enforceable against the personal assets of any individual general partner only when that partner was individually joined as a defendant in the original action against the partnership and personally served with process. See *Gatley v. Deters*, 128 Misc. 2d 209, 210-11, 489 N.Y.S.2d 684, 685-86 (N.Y. Sup. 1985); *Martinoff v. Triboro Roofing Co.*, 228 N.Y.S.2d 139, 141-42 (N.Y. Sup. 1962). The commentary to the New York law provides:

> "The judgment against a partnership, whether it was sued in the partnership name (CPLR 1025) or by specification of the individual partners, may be enforced against partnership property. Resort to personal assets of individual partners, however, is possible only as to those general partners who were named individually as defendants and personally served with process." N.Y. C.P.L.R. 1025 (McKinney 1997) (practice commentaries).

See also N.Y. C.P.L.R. 5201(b) (McKinney 1997) (second sentence); *Propoco, Inc. v. Birnbaum*, 157 A.D.2d 774, 776, 550 N.Y.S.2d 901, 902-03 (1990); *Levin v. Total Hockey Associates*, 64 A.D.2d 622, 622, 406 N.Y.S.2d 554, 555 (1978).

Morever, the partnership agreement provides the law of Florida will control partnership business. The Florida law mirrors Illinois and New York in this regard, and states:

> "A judgment against a partnership is not by itself a judgment against a partner. A judgment*** may not be satisfied***[by the] partner's assets unless there is also a judgment against the partner." Fla. Stat. §620.8307(3) (2001).

12

Sunseri has not obtained a foreign judgment against Moen. Conversely, Sunseri has not registered the foreign judgment against the partnership with the affidavit filed by counsel in Rock Island County, Illinois.

The principles of *res judicata* apply even when a judgment is not registered in a foreign jurisdiction. Reliance of the doctrine of *res judicata* does not cure the procedural defects of this case or override the due process concerns underlying the trial court's order vacating the March 20, 2006, orders. Sunseri neither named Moen as a party defendant in the New York litigation nor established that the New York court had personal jurisdiction over her.

Merely captioning the Rock Island County supplementary proceeding so as to identify Moen as a general partner of Macro did not transform the underlying New York judgment against Macro into a conclusive, enforceable judgment against Moen's personal assets or qualify her as a "judgment debtor" under the Act. *Ayers Asphalt,* 109 Ill. App. 3d at 523; see also *Capitol One Bank v. Czekala*, No. 3–07–0395 (2008). Since Judge Fried's order was not entered against Moen in New York state, proceedings to enforce a nonexistent judgment against her under the Act were ineffective. Judge Blackwood properly rejected the notion that the judgment obtained against Macro alone would support citation proceedings against the private assets of Moen. However, his order improperly allowed the citation to continue against the partnership assets. The foreign judgment registered by the circuit clerk did not attempt to register the judgment naming the partnership; it attempted to register naming Moen alone. Accordingly, we hold the court properly vacated the March 20, 2006, orders which had allowed the citation proceedings to continue but should have quashed the citation as to partnership assets as well.

## II. Dismissal of "Amendment to Complaint"

13

Last, we have considered Sunseri's contention that the trial court erroneously dismissed his "amended complaint" to register the foreign judgment in Illinois. Again, Sunseri relies upon convoluted pleadings in making the argument. On July 26, 2006, Sunseri filed a motion to amend his complaint pursuant to section 2–616 of the Code of Civil Procedure (735 ILCS 5/2–616 (West 2004)). On August 7, 2006, the court allowed the motion and ruled that the attached "amendment to complaint" should be filed *instanter*. The court allowed the amendment of the complaint and then dismissed the complaint after hearing Moen's motion to dismiss.

Moen moved to dismiss the pleading because the matter before the court was not a complaint for judgment against her but was, instead, a proceeding to register a foreign judgment. Moen also argued Sunseri's reliance on section 2-616 was misplaced because the proposed "amendment" did not conform the pleadings to the proofs. Last, Moen argued the Illinois's 10-year statute of limitations for the breach of contract cause of action alleged in the New York litigation expired on August 2, 2006. The court granted the motion to dismiss, finding the amended complaint untimely.

Citing *La Societe Anonyme Goro v. Conveyor Accessories, Inc.*, 286 Ill. App. 3d 867 (1997), Sunseri contends on appeal that enforcement proceedings accrue when judgment is entered in the foreign jurisdiction and a seven-year limitations statute for enforcement of judgments applies. Moen argues that the trial court properly applied the 10-year statute of limitations for the breach of contract cause of action (735 ILCS 5/13–206 (West 2004)) pleaded in the New York suit and the 5-year statute of limitations for the breach of fiduciary duties claim (735 ILCS 5/13–205 (West 2004)).

The court incorrectly diverged from a focus on supplementary proceedings to enforce a

14

registered foreign judgment, to consider whether the statute of limitations would bar a subsequent action against Moen based on the insolvency of the partnership to pay the original judgment. The issue of the statute of limitations to the contract action was not properly before the circuit court and cannot be considered on appeal because a subsequent complaint has never been filed against Moen to enforce her contractual obligations based on her status as partner.

The dispute over which limitations statute applies misses the point. Here, the salient point must be emphasized, that is, Sunseri initiated the instant proceedings, not with a complaint duly served, but with an affidavit from attorney Fulbright implying that a foreign judgment existed against Moen as a judgment debtor, attaching the judgment thereto, and requesting the registration of that foreign judgment in the state of Illinois. The implied foreign judgment naming Moen does not exist. Registering the judgment secured in New York allowed Sunseri only to enforce the judgment to the extent of the New York judge's order, which was limited to the partnership. Nonetheless, Sunseri did not register the judgment against the partnership.

We take no position as to whether another suit initiated by a complaint to obtain a judgment against Moen based on her liability as a general partner of Macro could survive a motion to dismiss based on the applicable statute of limitations. That question should be addressed by the state court that receives a complaint against Moen, based on her obligations as a general partner and in light of the New York judgment. Such a suit has not yet been initiated by Sunseri against Moen.

The complaint underlying the New York judgment order could not be amended in Illinois and the motion to amend was directed toward the registration proceedings. Accordingly, although we find the trial court improvidently granted Sunseri's motion for leave to file "amendment to the

complaint" in this case, we hold the court did not err in dismissing the pleading to amend the registration proceedings in this case with prejudice. The court correctly denied the motion to reconsider that ruling because an affidavit to register a foreign judgment cannot be amended to add a party who was not named in the original foreign judgment sought to be enforced by registration in this state.

We must vacate the court's ruling that the citation proceedings could continue as to the partnership assets. The citation proceedings were not directed toward partnership assets, and the judgment was not registered against the partnership under the Act.

CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Rock Island County dismissing Sunseri's "amended complaint," and we vacate the citation proceedings against the partnership.

Affirmed in part and vacated in part.

McDADE, PJ., and CARTER, J., concurring

16